1 | JAN STIGLITZ (SBN 103815)
  | LAW OFFICE OF JAN STIGLITZ
2 | 225 Cedar St.
  | San Diego, CA 92101
3 | Tel.: (619) 525-1697
  | Fax: (619) 615-1497
4 |
5 | BRETT A. BOON (SBN 283225)
  | brett@bennerboon.com
  | CRAIG S. BENNER (SBN 283913)
6 | craig@bennerboon.com
  | BENNER & BOON, LLP
7 | 542 15th St.
  | San Diego, CA 92101
8 | Tel: (619) 358-9779
  | Fax: (619) 365-4926
9 |
  | Attorneys for Plaintiff
10 | LUIS LORENZO VARGAS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LUIS LORENZO VARGAS, | Case No. 2:16-cv-08684-SVW-AFM |
| Plaintiff, | PLAINTIFF'S OPPOSITION TO DEFENDANTS MONICA QUIJANO AND SCOTT SMITH'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION (L.R. 7-18) |
| v. | |
| CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT; ~~COUNTY OF LOS ANGELES; OFFICE OF THE LOS ANGELES DISTRICT ATTORNEY; LOS ANGELES SHERIFF'S DEPARTMENT;~~ MONICA QUIJANO; ~~RICHARD TAMEZ;~~ SCOTT SMITH; AND DOES 1-10, INCLUSIVE, | |
| | HON. STEPHEN V. WILSON |
| | Date: October 1, 2018 |
| | Time: 1:30 PM |
| | CTRM: 10A |
| | Complaint Filed: November 12, 2015 |
| | Trial Date: Not Set |
| Defendants. | |

TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

PLAINTIFF'S OPPOSITION TO DEFENDANTS MONICA QUIJANO AND SCOTT SMITH'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION (L.R. 7-18) .......................................................................... 1

Introduction ............................................................................................................. 2

I.  Defendants' Motion for Reconsideration Should Be Denied Pursuant to Local Rule 7-18 ............................................................................................. 3

  A.  There is No Material Difference in Fact or Law from that Presented to the Court; Defendants Cannot Demonstrate Reasonable Diligence in Failing to Present Materially Different Facts or Law Even Had they Existed ................................................................................................ 5

  B.  No New Material Facts Have Emerged; Recent Case Law Has Reaffirmed, Strengthened, and Clarified the Correctness of the Court's Decision ............................................................................................. 11

  C.  This Court Considered All Material Facts In its Prior Order .............. 12

Conclusion ............................................................................................................ 13

# TABLE OF AUTHORITIES

**Cases**

Barker v. Fleming, 423 F.3d 1085 (9th Cir. 2005) .................................................. 5, 6

Carroll v. Nakatani, 342 F.3d 934 (9th Cir. 2003) ................................................... 4, 5

Ketab Corp. v. Mesriani Law Group, 2015 WL 2084469 (C.D. 2015) ....................... 4

Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877 (9th Cir. 2000) .................. 4

MAI Systems Corporation v. Walbert Enterprises, Inc., 116 F.3d 485 (9th Cir. 1997) ............................................................................................................................. 13

Mellen v. Winn, 2018 WL 3945557 (9th Cir. 2018) ........................................... 11, 12

People v. Hall, 41 Cal.3d 826 (1986) ............................................................... 7, 9, 10

People v. Littleton, 7 Cal.App. 4th 906 (1992) ........................................................ 5, 6

Smith v. Almada, 640 F.3d 931 (9th Cir. 2011) ..................................................... 6, 7, 8

White v. Pauly, _ U.S. _, 137 S.Ct. 548, 196 L.Ed.2d 463 (2017) .......................... 10

**Federal Rules**

Fed.R.Civ.P. 59(e) ......................................................................................................... 4

Fed.R.Civ.P. 60 .............................................................................................................. 4

**Local Rules**

C.D. Cal. 7-18 ..................................................................................................... passim

Plaintiff's Opposition to Defendants Monica Quijano and Scott Smith's
Notice of Motion and Motion for Reconsideration (L.R. 7-18)

ii

JAN STIGLITZ (SBN 103815)
LAW OFFICE OF JAN STIGLITZ
225 Cedar St.
San Diego, CA 92101
Tel.: (619) 525-1697
Fax: (619) 615-1497

BRETT A. BOON (SBN 283225)
brett@bennerboon.com
CRAIG S. BENNER (SBN 283913)
craig@bennerboon.com
BENNER & BOON, LLP
542 15th St.
San Diego, CA 92101
Tel: (619) 358-9779
Fax: (619) 365-4926

Attorneys for Plaintiff
LUIS LORENZO VARGAS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LUIS LORENZO VARGAS, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT; ~~COUNTY OF LOS ANGELES; OFFICE OF THE LOS ANGELES DISTRICT ATTORNEY;~~ ~~LOS ANGELES SHERIFF'S DEPARTMENT;~~ MONICA QUIJANO; ~~RICHARD TAMEZ;~~ SCOTT SMITH; AND DOES 1-10, INCLUSIVE, <br><br> Defendants. | Case No. 2:16-cv-08684-SVW-AFM <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANTS MONICA QUIJANO AND SCOTT SMITH'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION (L.R. 7-18)** <br><br> HON. STEPHEN V. WILSON <br><br> Date: October 1, 2018 <br> Time: 1:30 PM <br> CTRM: 10A <br> Complaint Filed: November 12, 2015 <br> Trial Date: Not Set |

Plaintiff LUIS LORENZO VARGAS hereby files this Opposition to Defendants Monica Quijano and Scott Smith's Notice of Motion and Motion for Reconsideration (L.R. 7-18) ("Motion"), filed with this Court on August 31, 2018.

//

Plaintiff's Opposition to Defendants Monica Quijano and Scott Smith's
Notice of Motion and Motion for Reconsideration (L.R. 7-18)

1

## Introduction

On August 7, 2018, this Court issued an Order Denying Defendants' Motion for Summary Judgment ("Order"), finding Defendants had failed to show "that there is no genuine dispute as to any material fact and [Defendants are] entitled to judgment as a matter of law." Fed. R. 56. Broadly, this Court made the following findings as to Plaintiff's complaint against Defendants:

- The eleven (11) sexual assaults set forth on Page 11 of the Order are Brady material;[1]
- The eleven (11) aforementioned similar sexual assaults are material for purposes of Brady;[2] and
- Defendants Quijano and Smith are not entitled to qualified immunity.[3]

This Court also found there were triable issues of material fact as to the following factual claims made by Plaintiff:(1) that Defendants Monica Quijano and Scott Smith had subjective knowledge of the first seven (7) of the eleven (11) listed sexual assaults in the order due to their inclusion in the Serial Rapist Book;[4] (2) that Defendants believed they were investigating a teardrop rapist;[5] (3) that no physical evidence linked Plaintiff to the crimes for which he was convicted;[6] and (4) that a serial rapist existed in Los Angeles during the relevant time period who law enforcement continued to investigate following Plaintiffs' arrest.[7]

---

[1] Order at pp. 10-11; see also Dkt. No. 146.

[2] Order at pp. 15-16; see also Dkt. No. 146.

[3] Order at p. 16; see also Dkt. No. 146.

[4] Order at pp. 10-11; see also Dkt. No. 146.

[5] Order at p. 3; see also Dkt. No. 146.

[6] Order at p. 6; see also Dkt. No. 146.

[7] Order at p. 6; see also Dkt. No. 146.

Before denying Defendants' Motion for Summary Judgment ("MSJ"), Defendants were given the opportunity to brief the issues relating to the MSJ on no fewer than six separate occasions.[8] As noted post, Defendants fully briefed and presented to the Court for review repeatedly, reiterating at various oral arguments each and every issue Defendants now wish this Court to consider. Therefore, in light of Central District Local Rule's prohibiting moving for reconsideration "in any manner repeating any oral or written argument made in support of or in opposition to the original motion," reconsideration is improper. Central District of California Local Rule 7-18 ("L.R. 7-18"). Defendants bring nothing new to the Court that would justify reconsideration in this case. The Motion should be appropriately denied.

## I.

## Defendants' Motion for Reconsideration Should Be Denied Pursuant to Local Rule 7-18

Motions for reconsideration of the type filed by Defendants are governed by Central District of California Local Rule 7-18 ("L.R. 7-18"). The rule states:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall

---

[8] See Dkt. No. 47, Notice of Motion and Motion for Summary Judgment or Partial Summary Judgment Pursuant to FRCP 56, filed on June 5, 2017; Dkt. No. 55, Reply to Plaintiff's Opposition to Motion for Summary Judgment or in the Alternative, Partial Summary Judgment, filed on June 16, 2017; Dkt. No. 63, Supplemental Brief In Support of Their Motions For Summary Judgment, filed on July 5, 2017; Dkt. No. 89, Supplemental Reply to Plaintiff's Supplemental Opposition to Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment, filed on December 14, 2017; Dkt. No. 96, Supplemental Brief in Support of Their Motion for Summary Judgment or Partial Summary Judgment Pursuant to FRCP 56, filed on February 26, 2018; Dkt. No. 124, Supplemental Brief in Response to the Court's Order Dated March 27, 2018, filed on April 30, 2018.

     in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18. Consistent with that rule, a " 'motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir.2003), quoting Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Carroll v. Nakatani, supra, 342 F.3d at 945.

        Defendants have stated in their Motion that reconsideration is "appropriate" if the factors described in Carroll are present, but this misstates the standard, and the law, in two important respects. First, the factors articulated in Carroll do not present an alternate standard for determining whether reconsideration is appropriate. A defendant moving for reconsideration, pursuant to Local Rule 7-18, is limited to the grounds permitted by Local Rule 7-18. L.R. 7-18. The Carroll standard does not provide additional grounds for reconsideration, beyond the grounds permitted in Local Rule 7-18, such as an added "clear error" ground that is not permitted by Local Rule 7-18. Instead, *assuming* the factors articulated in Local Rule 7-18 are met, then Carroll merely sets a "cap" on when a motion for reconsideration may still not be granted. In other words, even if one of the circumstances in Local Rule 7-18 are present, reconsideration is *not proper* unless there is a showing of newly discovered evidence, clear error, or an intervening change in the controlling law. Carroll v. Nakatani, supra, 342 F.3d at 945; see also Ketab Corp. v. Mesriani Law Group, 2015 WL 2084469 (C.D. 2015). Local Rule 7-18 further limits the grounds for reconsideration, and is thus narrower than the standard articulated in Carroll and the standards for reconsideration under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure. See Fed.R.Civ.P. 59(e); Fed.R.Civ.P. 60.

Second, and more obviously, Defendants leave out the first part of Carroll: that reconsideration "should not be granted, absent highly unusual circumstances." Carroll v. Nakatani, supra, 342 F.3d at 945. For the reasons discussed below, Defendants' Motion cannot meet the Local Rule's standard. As such, and as no highly unusual circumstances exist here, the Motion should denied.

### A. There is No Material Difference in Fact or Law from that Presented to the Court; Defendants Cannot Demonstrate Reasonable Diligence in Failing to Present Materially Different Facts or Law Even Had they Existed

As to the first portion of the Local Rule's standard, Defendants cannot demonstrate a material difference in the facts or law from that presented to or considered by this Court. Defendants argue in their Motion that this Court's determination did not fully consider two primary issues: whether unrelated crimes could be admissible, and thus material, for the purposes of Brady (Motion, pp. 2-3); and whether Defendants are entitled to qualified immunity (Motion, pp. 3-4). Both issues have been fully briefed to the Court in the extensive briefing that preceded the Court's Order.

As to the issue of materiality, Defendants have argued in their Motion that this Court "committed clear error in concluding that unsolved, so-called similar crimes are Brady material" and in concluding that these crimes were both discoverable and admissible.[9] Motion, pp. ii, 3. In support of their argument, Defendants cite the cases of Smith v. Almada, 640 F.3d 931 (9th Cir. 2011), People v. Littleton, 7 Cal.App. 4th 906, 911 (1992), and Barker v. Fleming, 423 F.3d 1085, 1099 (9th Cir. 2005), and argue that these cases and their holdings should have been considered by the Court before denying Defendants' MSJ.

The problem for Defendants, of course, is that they have raised the issues of

---

[9] Defendants actually state that this Court "committed clear error" in concluding information concerning the other sexual assaults would have been "'automatically' discoverable" and "automatically admissible" at Plaintiff's trial. Motion, p. ii. As this Court is well aware, at no point did this Court state in its Order that this information would be discoverable or admissible automatically.

discoverability, admissibility, and materiality repeatedly, starting more than a year ago, in their July 5, 2017 filing, Supplemental Brief In Support of Their Motions For Summary Judgment.[10] In that filing, Defendants argued that "[e]ven if the Defendants had knowledge of these other [unrelated] incidents, Plaintiff cannot satisfy the requirements of 'materiality,' 'prejudice' and 'causation.' (See Smith v. Almada, 640 F.3d 931, 939[( 2011)]."[11] Defendants went on to cite People v. Littleton[12] and Barker v. Fleming[13] in the same brief. Defendants again cited Smith v. Alamada in their December 14, 2017 filing, Supplemental Reply to Plaintiff's Supplemental Opposition to Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment.[14] Defendants cited Smith v. Alamada a third time, in their February 26, 2018 filing, Supplemental Brief in Support of Their Motion for Summary Judgment or Partial Summary Judgment Pursuant to FRCP 56.[15] It is frankly unbelievable that Defendants at this point allege the Court has failed to fully consider the issue of materiality when they have briefed the issue on at least three prior occasions, and have specifically referenced the same cases they now cite. In addition, Defendants cannot demonstrate reasonable diligence in failing to present this issue or the law supporting it; to the contrary, Defendants have repeatedly brought the issue of materiality to the Court's attention, and have done so with all reasonable diligence. L.R. 7-18. This Court has obviously considered the issues of discoverability, admissibility, and materiality thoroughly, and determined the eleven sexual assaults detailed in the Order were

---

[10]Dkt. No. 63.

[11]Dkt. No. 63, p. 1.

[12]Dkt No. 63, p. 3.

[13]Dkt No. 63, pp. 2-3.

[14]Dkt. No. 89, p. 10.

[15]Dkt. No. 96, p. 3.

1 material for the purposes of Brady.

2 Even had this Court not considered the issue of materiality, however, Defendants' position is untenable, and certainly unsupported by the cases they cite, which are entirely distinuguishable. In Smith, law enforcement officers failed to disclose three prior dumpster fires prior to the store fire that was the basis of the prosecution of defendant. The focus of the court's decision was whether evidence of the other fires would have made a difference had they been disclosed. In finding that the undisclosed other act evidence was not material for the purposes of Brady, the court noted the evidence "does nothing to undermine the strong physical evidence—i.e., the numerous pieces of mail—linking Smith to the February 2003 fire. Nor does it call into question evidence suggesting Smith's motive: Smith himself admitted that he had a dispute with Nelson less than three weeks before the fire." Smith v. Alamada, supra, 640 F.3d at 939. The court also noted "several differences" between the fire with which Smith had been accused of starting and the other fires, and that these differences "undermine[d] the inference that there was one dumpster arsonist or that one of the dumpster arsonists started the February 2003 fire." Ibid. Most importantly, however, and distinct from this case, the court determined evidence regarding the prior fires were properly ruled inadmissible because there was no "'direct or circumstantial evidence linking the third person to the actual perpetration of the crime.'" Ibid., quoting People v. Hall, 41 Cal.3d 826 (1986).

In contrast, this Court has thoroughly detailed how the eleven other sexual assaults described in the Order were linked to each other, and to a viable third-party culpability claim that Plaintiff could have made at trial, and were thus material under Brady:

> The prosecutor contended that the three sexual assaults for which Plaintiff was on trial were so similar in terms of MO and victim profile that they must have been committed by the same individual. As explained above, Plaintiff could have used both the post- and pre-arrest sexual assaults to weaken the argument that the signature was unique. The post-arrest sexual

assaults illustrate that the signature was not unique because the MO and victim profiles were similar and Plaintiff could not have committed those sexual assaults as he was in custody.

Furthermore, these sexual assaults could form the basis for an argument by Plaintiff that another person actually committed the sexual assaults of Teresa R., Edith G., and Karen P. Plaintiff could introduce the pre-arrest assaults as further evidence that the signature was not in fact unique. He also could have called into doubt whether there was any "signature" at all by using a larger sample size of sexual assaults and pointing out that there were differences—albeit small ones—between them.

Moreover, in evaluating the case against Plaintiff, the District Attorney's Office itself believed the prosecution had a weak case against Plaintiff without the signature crime theory. In conceding to Plaintiffs habeas petition as to all three convictions, the District Attorney's Office concluded that the evidence from Teresa R. undermined the prosecution's case as to the attempted rapes of Edith G. and Karen P. in part because "[a]t trial, the People's theory was that the three assaults were so similar that they were signature crimes that could be committed by only one person .... " Dkt. 54, Ex. 3. In other words, the District Attorney's Office concluded that physical evidence that Plaintiff could not have committed the rape of Teresa R. so undermined the prosecution's case with respect to Edith G. and Karen P. that it conceded to Plaintiffs habeas petition as to all three crimes, even in the absence of evidence that he could not have attacked Edith G. and Karen P. The District Attorney's Office reached this conclusion in spite of the fact that the DNA evidence with respect to Teresa R. in no way undermined Edith G. and Karen P. 'sin-court identifications of Plaintiff. Thus, Plaintiffs criminal defense attorney could have seriously undermined the prosecution's case from several angles, had Defendants disclosed the sexual assault incidents listed above.

If the prosecution's argument about the uniqueness of the rapes were undermined, they would be left with the victims' in-court identifications of Plaintiff. The prosecution would have a weak case if they were in a position of relying heavily or exclusively on eyewitness testimony because such testimony can be flawed. Jernigan, 492 F.3d at 1054. "'Centuries of experience in the administration of criminal justice have shown that convictions based solely on testimony that identifies a

defendant previously unknown to the witness is highly suspect. Of all the various kinds of evidence it is the least reliable, especially where unsupported by corroborating evidence.'" Id. (quoting Jackson v. Fogg, 589 F.2d 108, 112 (2d Cir. 1978).

With the other, similar sexual assaults eroding confidence in the prosecutor's "signature" crime argument, the jury would largely be left with the three in-court identifications. Plaintiff's defense attorney could have questioned the veracity and credibility of the identifications. Such identifications would be a weak basis to convict, as explained. For a showing of materiality, Plaintiff need not show the outcome of the trial would have been different; he only needs to show that introduction of the suppressed evidence at trial would undermine confidence in the outcome of the trial. Bagley, 473 U.S. at 678. Here, Plaintiff has made this showing.

Order, pp. 13-15, footnotes omitted.

Defendants also cite People v. Hall for the same proposition that the eleven other sexual assaults would not be material because they would be inadmissible at Plaintiff's original trial. Motion, p. 1. Even a cursory review of Hall should have indicated to Defendants that the case's holding was directly inapposite to their position, and supported this Court's determination of materiality. Hall dealt with the continued viability of two cases that dealt with third party culpability evidence. The court's bottom line (quoted below) is that these are *sui generis* inquiries with no bright line rule:

> We reject Arline to the extent that it creates a distinct and elevated standard for admitting this kind of exculpatory evidence. Rather than speaking in terms of a Mendez-Arline "rule," courts should simply treat third-party culpability evidence like any other evidence: if relevant it is admissible (§ 350) unless its probative value is substantially outweighed by the risk of undue delay, prejudice, or confusion (§ 352). We recognize that an inquiry into the admissibility of such evidence and the balancing required under section 352 will always turn on the facts of the case. Yet courts must weigh those facts carefully. They should avoid a hasty conclusion such as the trial court's finding in the present case that evidence of Foust's guilt was "incredible." Such a determination is properly the

province of the jury.

People v. Hall, supra, 41 Cal.3d at 834.

As this Court is well aware, the facts present in the instant case are much stronger than the facts in either Smith or Hall. The focus here is that the prosecution relied on a signature crime to convict; the Brady material at issue here—as acknowledged by this Court in its Order—clearly undermined the prosecution's theory.

Defendants also complain that this Court did not fully consider the issue of qualified immunity when it denied their MSJ. Motion, pp. 2-4. As with materiality, it is unfathomable that Defendants believe this Court has not fully considered the issue, especially considering two of the cases upon which Defendants rely—the aforementioned Smith v. Alamada and White v. Pauly, __ U.S. __, 137 S.Ct. 548, 196 L.Ed.2d 463 (2017), cited by Defendants in their Motion on page 3—have been cited for the same proposition in other briefings before this Court. Indeed, White v. Pauly was cited by Defendants on no fewer than three separate occasions: in their June 5, 2017 filing, Notice of Motion and Motion for Summary Judgment or Partial Summary Judgment Pursuant to FRCP 56;[16] in their December 14, 2017 filing, Supplemental Reply to Plaintiff's Supplemental Opposition to Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment;[17] and in their April 30, 2018 filing, Supplemental Brief in Support of Their Motion for Summary Judgment or Partial Summary Judgment Pursuant to FRCP 56, filed on February 26, 2018; and in their April 30, 2018 filing, Supplemental Brief in Response to the Court's Order Dated March 27, 2018.[18]

As with the materiality issue, it is unbelievable that Defendants at this point allege the Court has failed to fully consider the issue of qualified immunity when they have

---

[16]Dkt. No. 47, p. 12.

[17]Dkt. No. 89, p. 15.

[18]Dkt. No. 124, p. 6.

briefed the issue on at least three prior occasions, and when they have specifically referenced the same cases they now cite in their Motion. In addition, Defendants cannot demonstrate reasonable diligence in failing to present this issue or the law supporting it; to the contrary, Defendants have repeatedly brought the issue of qualified immunity to the Court's attention, and have done so with all reasonable diligence. L.R. 7-18. This Court has obviously considered the issue of qualified immunity, and determined Defendants were not entitled to qualified immunity in this case.

### B. No New Material Facts Have Emerged; Recent Case Law Has Reaffirmed, Strengthened, and Clarified the Correctness of the Court's Decision

Looking to the next portion of the standard, it is clear that Defendants cannot demonstrate there are new material facts arising after the decision which would change the Court's determination. To be certain, Defendants have not referenced any new facts in their Motion, and none of the cases Defendants cite arose since the time of this Court's Order. However, what Defendants fail to acknowledge is that recent case law has reaffirmed the Court's Order, strengthening and further clarifying this Court's determination denying summary judgment in the case.

On August 17, 2018—after this Court's Order denying summary judgment—the Ninth Circuit issued a ruling in Mellen v. Winn, 2018 WL 3945557 (9th Cir. 2018). In that case, the Ninth Circuit held it was "clearly established law" in 1997—two years before the events forming the basis for relief in the instant case—that law enforcement officers had a duty to disclose exculpatory material under Brady, and that therefore they were not entitled to qualified immunity. The Ninth Circuit held in pertinent part:

> We next must decide whether it was clearly established, in 1997, that police officers had a duty to disclose material impeachment evidence to prosecutors. This is not an open question in our Circuit.
> In Carrillo v. County of Los Angeles, we concluded that "[t]he law in 1984 clearly established that police officers were bound to disclose material, exculpatory evidence." 798 F.3d 1210, 1219 (9th Cir. 2015). Carrillo cited approvingly United States v. Butler, 567 F.2d 885 (9th Cir.

1978) (per curiam), an even earlier case that concluded that police investigators violate <u>Brady</u> when they fail to disclose material impeachment evidence to prosecutors. <u>Carrillo</u>, 798 F.3d at 1220 (citing <u>Butler</u>, 567 F.2d at 891); see also <u>id</u>. at 1222 ("[T]he vast majority of circuits to have considered the question have adopted the view that police officers were bound by <u>Brady</u>."). In <u>Butler</u>, we observed that "[s]ince the investigative officers are part of the prosecution, the taint on the trial is no less if they, rather than the prosecutor, were guilty of nondisclosure." 567 F.2d at 891. There, the impeachment evidence was the officers' assurances to the witness that he would be treated favorably by the judge if he testified successfully in the criminal trial—evidence that could have been used to undermine the credibility of the witness's testimony. <u>Carrillo</u> also relied on <u>Kyles</u>, the case where the Supreme Court expressly extended <u>Brady</u> obligations to police officers. <u>Carrillo</u>, 798 F.3d at 1221 (quoting <u>Kyles</u>, 514 U.S. at 438, 115 S.Ct. 1555). <u>Kyles</u>, decided in 1995, involved police officers' suppression of prior inconsistent statements that defense counsel could have used to impeach key eyewitnesses in a homicide trial. 514 U.S. at 441–54, 115 S.Ct. 1555. We noted in <u>Carrillo</u> that "<u>Kyles</u> itself rejected the state's argument that 'it should not be held accountable under <u>Bagley</u> and <u>Brady</u> for evidence known only to police investigators and not to the prosecutor.'" 798 F.3d at 1221 (quoting <u>Kyles</u>, 514 U.S. at 438, 115 S.Ct. 1555).

<u>Mellen v. Winn</u>, <u>supra</u>, 2018 WL 3945557, at 14-15. Thus, the right to exculpatory material—and the officer's obligations to disclose such material—were clearly established as of 1999, when Plaintiff's claim arose. The Ninth Circuit has confirmed what this Court has already ruled. Defendants are not entitled to qualified immunity.

C.   **This Court Considered All Material Facts In its Prior Order**

Finally, Defendants have failed to show that this Court failed to consider any material fact when it denied the MSJ. In fact, every single material fact Defendants reference in their Motion has been raised in prior briefings, in direct contravention of the Local Rule's specific prohibition against "in any manner repeat[ing] any oral or written argument made in support of or in opposition to the original motion." L.R. 7-18. Indeed, Defendants' main complaint seems to be simply that the Court in its Order

did not articulate and reject each and every point Defendants had made over six substantive briefs and more than a year of litigation on these issues. Unfortunately for Defendants, the facts referenced in their Motion are a tedious rehash of points already made, and arguments already advanced in prior briefings. None affect the determinations made by this Court in its Order. Defendants have repeated arguments made in prior briefs, and there is no showing of a material difference in law or fact, emergence of new material facts or law, or failure to consider facts. See, e.g., MAI Systems Corporation v. Walbert Enterprises, Inc., 116 F.3d 485 (9th Cir. 1997). This Court properly considered all material facts in its Order. Defendant's Motion should be denied.

## Conclusion

For all the foregoing reasons, Plaintiff respectfully asks this Court to deny Defendant's Motion.

Respectfully submitted,

Dated: 09/10/2018

ALEXANDER SIMPSON
Attorney for Plaintiff
LUIS LORENZO VARGAS