**MICHAEL N. FEUER,** City Attorney - SBN 111529
**JAMES P. CLARK,** Chief Deputy City Attorney –SBN 64780
**CORY M. BRENTE,** Assistant City Attorney – SBN 115453
**GEOFFREY PLOWDEN,** Deputy City Attorney – SBN 146602
200 North Main Street, 6th Floor, City Hall East
Los Angeles, California 90012
Phone No.: (213) 978-7038
Fax No.:    (213) 978-8785
Email: geoffrey.plowden@lacity.org

*Attorneys for Defendants,* CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, MONICA QUIJANO, SCOTT SMITH AND RICHARD TAMEZ

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS LORENZO VARGAS, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT; COUNTY OF LOS ANGELES; OFFICE OF THE LOS ANGELES DISTRICT ATTORNEY; LOS AGELES SHERIFF'S DEPARTMENT; MONICA QUIJANO; RICHARD TAMEZ; and DOES 1-10 INCLUSIVE, <br><br> Defendants. | CASE NO.  CV16-08684 SVW (AFMx) <br> *Hon. Stephen V. Wilson, Courtroom 10A* <br> *Hon. Alexander F. MacKinnon, USMJ, 780 Roybal* <br><br> **DEFENDANT CITY OF LOS ANGELES' SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> DATE:   June 10, 2019 <br> TIME:   1:30 p.m. <br> CTRM:   10A |

**TO THE HONORABLE COURT, PLAINTIFF AND HIS COUNSEL:**

Defendants City of Los Angeles and the Los Angeles Police Department respectfully submit the following Proposed Statement of Uncontroverted Facts and Conclusions of Law in support of their Motion for Partial Summary Judgment:

| Statement of Uncontroverted Facts | Defendants' Evidence |
|---|---|
| 1.  Plaintiff's lawsuit stems from an alleged wrongful conviction for the commission of one rape and two attempted rapes in 1998. | Paragraphs 1-15 of Plaintiff's Second Amended Complaint (hereinafter "SAC"), attached to Declaration of Geoffrey Plowden (Hereinafter "Plowden Decl.") as Exhibit 4. |
| 2.  Plaintiff contends the City of Los Angeles and the Los Angeles Police Department failed to train as to disclosing information pertaining to crimes identical to previous investigations and/or convictions, such as those Vargas was convicted of. | Plaintiff's SAC, Ex. 4 Plowden Decl. |
| 3.  And plaintiff contends the LAPD failed to train when such material constitutes *Brady* material and must be provided to the prosecution. | Plaintiff's SAC, Ex 4 Plowden Decl. |
| 4.  LAPD detectives are trained in written form on discovery in criminal cases. | Declaration of Daniel Jenks, ¶ 7 (hereinafter "Jenks Decl.") |
| 5.  They are also trained on the job on discovery. | Jenks Decl. ¶ 5 |
| 6.  The policy of the LAPD during the 1994-2000 time period was for detectives to produce all discovery to the prosecutor and let him/her decide what to turn over to the criminal defendant. | Jenks Decl. ¶ 5 |
| 7.  In 1999, the California Penal Code mandated discovery as to certain items at the time. | Request for Judicial Notice, Plowden Decl., Exhibit 3 |
| 8.  In 2000, the LAPD also provided written training on *Brady* obligations, particularly as to | Jenks Decl. ¶ 8 |

2

| Statement of Uncontroverted Facts | Defendants' Evidence |
|---|---|
| evidence relating to witnesses' credibility. | |
| 9.   California Peace Officer Standards and Training ("POST") did not, as of 1994-2000, have a mandatory training component on *Brady*. | Jenks Decl. ¶ 4 |
| 10.  POST sets the minimum standards for training for all police agencies in California. | Jenks Decl. ¶ 4 |

## CONCLUSIONS OF LAW:

1.    Discovery of unsolved crime reports, wherein there was neither a charged or arrested subject (as we have here), was deemed **not** to be discoverable (i.e., to be turned over by police). *People v Littleton* (1992) 7 Cal.App.4th, 906, 911.

2.    The California Penal Code governing discovery obligations in criminal cases, in effect during the 1994-2000 time period lists the following items as discoverable information and materials:

  (a) The names and addresses of persons the prosecutor intends to call as witnesses at trial.
  (b) Statements of all defendants.
  (c) All relevant real evidence seized or obtained as a part of the investigation of the offenses charged.
  (d) The existence of a felony conviction of any material witness whose credibility is likely to be critical to the outcome of the trial.
  (e) Any exculpatory evidence.
  (f) Relevant written or recorded statements of witnesses or reports of the statements of witnesses whom the prosecutor intends to call at the trial, including any reports or statements of experts made in conjunction with the case, including the results of physical or mental examinations, scientific tests, experiments, or comparisons which the prosecutor intends to offer in evidence at the trial."
  Cal Penal Code §1054.1 (enacted 6/6/1990)

3.    A plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident or unconstitutional action by a non-policymaking employee." *Davis v. City of Ellensburg*, 869 F .2d 1230, 1233 (9th Cir. 1989) (affirming

3

summary judgment); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell ...*")

4.    Inadequacy of police training may serve as the basis for  § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Flores v. Cty. of Los Angeles*, 758 F.3d 1154, 1158 (9th Cir. 2014) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 379, 109 S. Ct. 1197, 1199, 103 L. Ed. 2d 412 (1989) (hereinafter "*Canton*"). Deliberate indifference requires "proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson,* 563 U.S. 51, 61, 131 S. Ct. 1350, 1360 (2011). "Accordingly, the City's policymakers must have been 'on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights.' " *Rabinovitz v. City of Los Angeles*, 287 F. Supp. 3d 933, 966 (C.D. Cal. 2018) (citing *Connick,* 563 U.S. at 61.)

5.    To show actual or constructive notice, plaintiff "must either present a 'pattern of similar constitutional violations by untrained employees' or they must show that the municipality 'has failed to train its employees to handle recurring situations presenting an obvious potential for' constitutional violations." *Id.* (citing *Connick*, 563 U.S. at 107, n. 24; *Board of Cty. Com'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 409, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997))

6.    California Government Code section 945.4 (when read together with Section 950.2) provides that no lawsuit can be brought against a public entity or public employee which a claim is required "until a written claim therefor has been presented" to the public entity.

7.    Failure to submit a pre-lawsuit claim is fatal to a state tort law cause of action. *Janis v. State Lottery Comm'n*, 68 Cal.App.4th 824, 832 (1998)

4

8.     In *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the Court held that a party moving for summary judgment need only show that the opposing party lacks evidence sufficient to support its case.

Dated:  May 15, 2019          **MICHAEL N. FEUER**, City Attorney
**JAMES P. CLARK,** Chief Deputy City Attorney
**CORY M. BRENTE**, Assistant City Attorney


By:  _____/S/ -Geoffrey Plowden_____.
       **GEOFFREY PLOWDEN**, Deputy City Attorney

*Attorneys for Defendants,* CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, MONICA QUIJANO and RICHARD TAMEZ