**MICHAEL N. FEUER,** City Attorney - SBN 111529
**JAMES P. CLARK,** Chief Deputy City Attorney – SBN 64780
**CORY M. BRENTE,** Senior Assistant City Attorney – SBN 115453
**GEOFFREY PLOWDEN,** Deputy City Attorney – SBN 146602
200 North Main Street, 6th Floor, City Hall East
Los Angeles, California 90012
Phone No.: (213) 978-7038
Fax No.:    (213) 978-8785
Email: geoffrey.plowden@lacity.org

*Attorneys for Defendants,* **CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, MONICA QUIJANO, RICHARD TAMEZ and SCOTT SMITH**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS LORENZO VARGAS,<br><br>*Plaintiff,*<br><br>v.<br><br>CITY OF LOS ANGELES, et al.<br><br>*Defendants.* | **CASE NO. CV16-08684 SVW (AFMx)**<br>*Hon. Stephen V. Wilson, Ctrm. 10A*<br>*Mag. Alexander F. MacKinnon, Ctrm. H, 9th Fl.*<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 1; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF GEOFFREY PLOWDEN; EXHIBITS**<br><br>Hearing: 6/10/19<br>Time: 1:30 p.m.<br>Place: Courtroom 10A<br>First Street Courthouse<br>350 West 1st Street<br>Los Angeles, CA 90012-4565 |

**TO THE HONORABLE COURT, PLAINTIFF AND HIS COUNSEL FO RECORD:**

Defendants submit the following opposition to Plaintiff's Motion *in Limine* No. 1 to allow evidence of the reversal of plaintiff's conviction and finding of factual innocence (in phase one) of the trial.

The Court has already ruled such evidence will **not** be allowed during phase one of the trial. Plaintiff's motion is an impermissible motion for reconsideration of that ruling. (Doc. 158, Order Granting Defendants' Motion in Limine No. 1.)

1

This opposition is based on the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Geoffrey Plowden ("Plowden Decl.") and exhibits, as well as the Court's files and records herein.

Dated: May 20, 2019   **MICHAEL N. FEUER**, City Attorney
**JAMES P. CLARK,** Chief Deputy City Attorney
**CORY M. BRENTE**, Assistant City Attorney

By: _____/s/ Geoffrey Plowden_____
   **GEOFFREY PLOWDEN**, Deputy City Attorney

Attorneys for Defendants **CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, MONICA QUIJANO, RICHARD TAMEZ and SCOTT SMITH**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Court is well versed in the facts of the case, as well as the law and motion which has preceded the trial in this matter. Defendant will point out a few salient facts and prior rulings.

Plaintiff was arrested on July 21, 1998. Plaintiff was convicted on all counts tried to the jury on June 15, 1999. The convictions were affirmed by the California Court of Appeal on June 26, 2000. Fifteen years later, in February, 2015 plaintiff sought a writ of habeas corpus, which was granted on May 23, 2015. On October 5, 2016, plaintiff was declared factually innocent of the Teresa R. rape due to DNA testing. As to the attempt rapes of Edith G. and Karen P., and the failure to register as a sex offender investigated by the individual defendants Quijano and Smith, no DNA evidence cleared the plaintiff of those crimes.

In opposing defendants' motion *in limine* No. 1 for trifurcation last year (Doc. 152 at p. 7 of 9), plaintiff argued that evidence of plaintiff's innocence and incarceration should be introduced in the liability phase of the trial. (Plowden Decl., Ex. 1) The Court denied this argument on October 3, 2018 (Doc. 158), granting defendants' motion *in limine*. (Plowden Decl., Ex. 2)

On April 15, 2019, the parties appeared before the Court at a status conference, and again the Court ruled that the subject of innocence would not be allowed during phase one of the trial.[1]

For reasons unbeknownst to defendants, plaintiff wants to Court to reconsider its rulings and argue (now for a third time) for the introduction of evidence of plaintiff's innocence in the liability phase of the trial. This motion must be denied.

---

[1] A copy of the reporter's transcript ("RT") of the April 15, 2019 status conference is attached. (Ex. 3, Plowden Decl.) In that transcript, plaintiff conceded the subject of innocence will not come into phase one. The Court agreed, stating, "You're not going to do that."

3

## II. PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO INTRODUCE EVIDENCE OF INNOCENCE IN PHASE ONE OF THE TRIAL MUST BE DENIED

### a. Proof of Innocence is Irrelevant to Phase One of the Trial.

Plaintiff's Fourteenth Amendment Due Process (*Brady*) claim in this case does not involve proof of plaintiff's innocence or a reversal of plaintiff's conviction.

The elements of plaintiff's claim are: 1. The defendant suppressed evidence that was favorable to the accused from the prosecutor and the defense; 2. The suppression harmed the accused; and 3. The defendant acted with deliberate indifference to an accused's rights or for the truth in suppressing the evidence.

These elements are set forth in Ninth Circuit Model Instruction 9.33A, which the parties are jointly requesting be given in this case. This is not a malicious prosecution case, wherein plaintiff needed to show a favorable result in order to make his claim.

The harm in the claim is that plaintiff was convicted (found guilty). That is an uncontroverted fact in this case.

In phase two (damages), plaintiff could argue his conviction was reversed and that DNA testing cleared him of one of the three sexual assault crimes. However, such evidence in phase one would unduly prejudice the defendants and confuse the jury. Under Federal Rule of Evidence 403, the evidence should be excluded.

### a. Plaintiff's Motion is an Impermissible Motion for Reconsideration

In opposing defendants' motion *in limine* No. 1 for trifurcation, plaintiff himself argued that evidence of plaintiff's innocence and incarceration should be introduced in the liability phase of the trial. (Ex. 1 to Plowden Decl.)

The Court rejected this argument on October 3, 2018 (Doc. 158, Ex. 2 to Plowden Decl.), in granting defendants' motion *in limine*. The Court did not invite further briefing on the subject. There has been no change of law or fact warranting a motion for reconsideration (L.R. 7-18). The irony here is remarkable. When defendants sought reconsideration of the denial of their qualified immunity defense, plaintiff was up in arms, and sought (and obtained) sanctions from defense counsel for

4

an impermissible motion for reconsideration. Here, with no citation to a change in fact or law, plaintiff seeks reconsideration of the Court's prior rulings.

To make matters worse, on April 15, 2019, the parties appeared before the Court at a status conference, and again the Court ruled that the subject of innocence would not be allowed during phase one of the trial. Indeed, plaintiff's counsel conceded the matter was already decided, and that innocence would not be introduced before the jury in phase one. (Ex. 3 (RT at p. 5), Plowden Decl.)

The Court agreed, stating, "You're not going to do that." (Ex. 3, (RT at p. 5), Plowden Decl.) As such, the matter of innocence has already been repeatedly and sufficiently litigated.

## III. THE INTRODUCTION OF THE REVERSAL OF THE CONVICTION WOULD CONSTITUTE HEARSAY AND ITS PROBATIVE VALUE IS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE.

As set forth above, this is not a malicious prosecution case wherein plaintiff must show a favorable result was obtained, a necessary element of the claim. This denial of fair trial claim (*Brady*) does not require plaintiff to show his conviction was reversed, only that he was found guilty at trial (convicted). The *reversal* of his conviction is irrelevant to the liability phase (phase one) of the trial.

The introduction of the reversal of the conviction would not only be irrelevant, but would also confuse the jury, and unfairly prejudice the defendants. Per Rule 403, the evidence should be excluded.

The judgment of reversal plaintiff seeks to introduce is inadmissible hearsay. *United States v. Sine,* 493 F.3d 1021, 1036 (9th Cir 2007) ("A court judgment is hearsay to the extent it is offered to prove the truth of the matters asserted in the judgment.')

Plaintiff wants the jury in phase one to learn of the *reasons* for the reversal of the conviction. As the reversal was unrelated to any alleged *Brady* violation, the reasons

5

are irrelevant, unfairly prejudice defendants, and will confuse the jury. *See*, *Carter v Burch*, 34 F.3d 257, 265 (4th Cir. 1994) (excluding a state court judge's grant of habeas corpus petition in a subsequent civil rights action because the report was inadmissible hearsay and because its probative value was substantially outweighed by the danger of unfair prejudice); *Johnson v. Colt Indus. Operating Corp,* 797 F.2d 1530, 1534 (10th Cir. 1986) (A judicial opinion as substantive evidence might confuse the jury, and presents "obvious dangers"); *U.S. Steel, LLC v. Tieco Inc.,* 261 F.3d 1275, 1287 (11th Cir. 2001)(state judicial opinion inadmissible hearsay and unfairly prejudicial)

A juror will be incapable of discerning the subtleties of a reversal of conviction for reasons unrelated to the conduct of the defendants. The District Attorney's Office, a branch of the *County* government, which did not oppose the plaintiff's habeas corpus petition, is not in privity with the City of Los Angeles, nor its police detectives on trial in this action. The defendants in this action face a claim relating to their conduct in the 1994-2000 time period. Specifically, the allegation is that they failed to disclose unrelated sexual assault crime reports pertaining to unknown perpetrators with a similar appearance as plaintiff, which might have been used to dilute a "signature crime theory" posited by the prosecutor at plaintiff's criminal trial. The 2015 reversal (due to DNA testing) unknown in 1994-2000, has no relevance in this case.

Additionally, plaintiff's conviction and time in custody involved more than just the crimes associated with the rape for which he was cleared by DNA testing. There were two sexual assaults and a failure to register as a sex offender (for a prior conviction of rape in 1992.) The reversal of conviction for those assault offenses would require introduction of hearsay and a "trial within a trial."

Per Rule 403, the evidence of the reversal (i.e. "innocence") should be excluded.

## IV. CONCLUSION

Plaintiff's Motion *in Limine* No 1. is an unwarranted motion for reconsideration. The Court has already advised the parties, twice, that the subjects of innocence and reversal of the conviction will not be introduced in phase one of the trial.

For the reasons set forth above, the motion should be denied.

Dated: May 20, 2019
**MICHAEL N. FEUER**, City Attorney
**JAMES P. CLARK,** Chief Deputy City Attorney
**CORY M. BRENTE**, Assistant City Attorney

By: _____/s/ *Geoffrey Plowden*_____
  **GEOFFREY PLOWDEN**, Deputy City Attorney

Attorneys for Defendants **CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, MONICA QUIJANO, RICHARD TAMEZ and SCOTT SMITH**

# DECLARATION OF GEOFFREY PLOWDEN

## DECLARATION OF GEOFFREY PLOWDEN

I, Geoffrey Plowden, declare the following to be true and correct:

1. I am an attorney at law, duly admitted to practice before the Court, and am counsel for defendants in the matter of *Vargas v. City of Los Angeles*. I am familiar with the file materials in this case, the underlying criminal prosecution of plaintiff. I am a former Deputy District Attorney, and have tried civil rights cases in the U.S. District Court, Central District for more than 18 years.

2. The introduction of a finding of factual innocence and the reversal of plaintiff's underlying rape conviction will confuse the jury, cause undue consumption of time and unfairly prejudice the defendants at trial. Plaintiff's conviction and time in custody involved more than just the crimes associated with the rape for which he was cleared by DNA testing. There were two sexual assaults and a failure to register as a sex offender (for a prior conviction of rape in 1992.) The reversal of conviction for those offenses would require introduction of hearsay and a "trial within a trial." A juror will be incapable of discerning the subtleties of a reversal of conviction for reasons unrelated to the conduct of the defendants. The District Attorney's Office, a branch of the *County* government, which did not oppose the plaintiff's habeas corpus petition, is not in privity with the City of Los Angeles, nor its police detectives on trial in this action. The defendants in this action face a claim relating to their conduct in the 1994-2000 time period. Specifically, the allegation is that they failed to disclose unrelated sexual assault crime reports pertaining to unknown perpetrators with a similar appearance as plaintiff, which might have been used to dilute a "signature crime theory" posited by the prosecutor at plaintiff's criminal trial. The 2015 reversal (due to DNA testing) unknown in 1994-2000, has no relevance in this case. Plaintiff wants the jury in phase one to learn of the *reasons* for the reversal of the conviction. As the reversal was unrelated to any alleged *Brady* violation, the reasons are irrelevant, unfairly prejudice defendants, and will confuse the jury.

3. In opposing defendants' motion *in limine* No. 1 for trifurcation last year (Doc. 152 at p. 7 of 9), plaintiff argued that evidence of plaintiff's innocence and incarceration should be introduced in the liability phase of the trial. A true and correct copy of that opposition (relevant portion bracketed) is attached hereto as Exhibit 1.

4. The Court denied this argument on October 3, 2018 (Doc. 158), granting defendants' motion *in limine*. A true and correct copy of this Order is attached hereto as Exhibit 2.

5. On April 15, 2019, the parties appeared before the Court at a status conference, and again the Court ruled that the subject of innocence would not be allowed during phase one of the trial. <u>Indeed, plaintiff's counsel conceded the matter was already decided, and that innocence would not be introduced before the jury in phase one.</u> The Court agreed, stating, "You're not going to do that." A true and correct copy of the reporter's transcript of that status conference is attached as Exhibit 3. (relevant portions bracket at p. 5)

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 20th day of May, 2019, at Los Angeles, California.

/s/  *Geoffrey Plowden*

_____
Geoffrey Plowden