# EXHIBIT 1

**EXHIBIT 1 TO DEFTS' OPP TO PLTF'S MTN IN LIMINE NO. 1 - Pg 11**

| | |
|---|---|
| JAN STIGLITZ (SBN 103815) | BRETT A. BOON (SBN 283225) |
| LAW OFFICE OF JAN STIGLITZ | BOON LAW |
| 225 Cedar St. | 411 Camino Del Rio S, Suite 106 |
| San Diego, CA 92101 | San Diego, CA 92108 |
| Tel.: (619) 525-1697 | T: (619) 358-9949 |
| Fax: (619) 615-1497 | F: (619) 365-4926 |
| | |
| CRAIG S. BENNER (SBN 283913) | ALEXANDER J. SIMPSON (SBN235533) |
| BENNER LAW FIRM | 225 Cedar St. |
| 411 Camino Del Rio S, Suite 106 | San Diego, CA 92101 |
| San Diego, CA 92108 | T: (619) 515-1525 |
| T: (619) 595-6795 | F: (619) 615-1425 |
| F: (619) 595-6796 | |

Attorneys for Plaintiff,
LUIS LORENZO VARGAS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LUIS LORENZO VARGAS, | Case No. 2:16-cv-08684-SVW-AFM |
| Plaintiff, | PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO BIFURCATE LIABILITY, COMPENSATORY, AND PUNITIVE DAMAGES |
| v. | |
| CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT; COUNTY OF LOS ANGELES; OFFICE OF THE LOS ANGELES DISTRICT ATTORNEY; LOS ANGELES SHERIFF'S DEPARTMENT; MONICA QUIJANO; RICHARD TAMEZ; AND DOES 1-10 INCLUSIVE, | HON. STEPHEN V. WILSON<br>CTRM 10A<br><br>Date:     October 1, 2018<br>Time:    1:30 pm |
| Defendants. | Complaint Filed: November 12, 2016<br>Trial Date:      Not Set |

1  **TO THIS COURT, ALL PARTIES, AND THEIR COUNSEL OF**
2  **RECORD, PLEASE TAKE NOTICE THAT** Plaintiff LUIS LORENZO VARGAS,
3  by and through his counsel, hereby submits this OPPOSITION TO DEFENDANTS'
4  MOTION IN LIMINE TO BIFURCATE LIABILITY, COMPENSATORY, AND
5  PUNITIVE DAMAGES.
6      This Opposition is filed pursuant to the Court's directive at the hearing held
7  August 20, 2018 and the Court's subsequent Order (See PACER document no. 144).
8      This Opposition is made pursuant to FRCP, Rule 42(b) and all authorities stated
9  herein. The interests of efficiency and justice will be ignored should the Court
10 bifurcate this case into piecemeal stages. The Court should allow the trial of this case
11 to proceed as a single phase, or alternatively, to bifurcate only punitive damages in a
12 second phase punitive damages determination.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On June 5, 2017, by Court Order, the individually named Defendants moved for summary judgment. Over the course of the next twelve months, the Parties submitted numerous and in-depth supplemental briefings regarding the issues in this case. On August 7, 2018, the Court denied the remainder of Defendants' MSJ. Dkt. No. 142. On August 20, 2018, the parties attended a Status Conference in this action. At that time, this Court indicated the decision to bifurcate the *Monell* claim and try the individual Defendants *Brady* claim first. Defendant's now move the Court to parse this case into yet more separate phases of trial; the sought-after result equaling potentially six (6) separate phases (*Brady*-related (1) liability; (2) damages; (3) punitives; and subsequently *Monell*-related (4) liability; (5) damages and; (6) punitives). Yet Defendants do not explain how the ends of justice will be promoted by bifurcation of this case except to make the unsupported assertion that evidence of damages will prejudice a jury against Defendants.

Bifurcation is the exception, not the rule. Separate trials or phases of trial should not be ordered unless they are clearly justified. Even if the damages issues were heard by the same jury, the time necessary for the trial would be greatly extended, as several witnesses would have to be recalled. Multi-furcation of this case would be impractical. It would cause unnecessary repetition of evidence and testimony by numerous witnesses, thereby unnecessarily increasing the cost and length of the case. The issues of this case are straightforward and multi-furcation is not necessary to simplify the case for the jury or avoid confusion to the jury. Nor would it enhance any opportunity for settlement. Multi-furcation would only unduly prejudice the Plaintiff, waste the Court's time and resources, and cause an inefficient presentation of the evidence. A simple and more judicious solution is for this Court to instruct the jury regarding the issues they are to decide.

1   Thus, this case should only be bifurcated into two phases as per the Court's
2   initial intent: the first phase would address the individual Defendants' liability and the
3   damages stemming therefrom regarding *Brady* violations and; the second phase would
4   consider entity Defendants' *Monell*-related liability and Plaintiff's damages
5   therefrom, and punitive damages entitlement based on the violations regarding the
6   same set of facts.

7   Defendants fail to cite supporting authority or evidence for their arguments. In
8   *most* cases, juries are given evidence of both liability and damages, with no resulting
9   harm as it is the judicial preference. The damages evidence in this case is, as
10  Defendants mention, relatively straightforward and undisputed. An instruction would
11  clarify for the jury what exactly they are to consider. It is not so complicated or
12  prejudicial that it requires separate trial(s).

## II. LEGAL STANDARD

14  Federal Rules of Civil Procedure ("FRCP"), Rule 42(b) explicitly provides "for
15  convenience, to avoid prejudice, or to expedite and economize, the court may order a
16  separate trial of one or more separate issues..." FRCP 42(b).   This decision is
17  committed to the district court's discretion. *Counts v. Burlington Northern R.R. Co.*,
18  952 F.2d 1136, 1139 (9th Cir. 1991). The presumption is that all claims in a case will
19  be resolved in a single trial, and it is only in exceptional circumstances where there
20  are special and persuasive reasons for departing from this practice, that distinct causes
21  of action asserted in the same case may be made the subject of separate, bifurcated
22  trials. *Miller v. Am. Bonding Co.*, 257 U.S. 304, 307, 42 S.Ct. 98 (1921).

23  A party seeking bifurcation of a trial has the burden of establishing that
24  bifurcation will promote judicial economy and that no party will be prejudiced by
25  separate trials. *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101
26  (N.D.Cal. 1992). Bifurcation is the exception, not the rule, and the party seeking
27  bifurcation must justify the need for the bifurcation by establishing that it will produce
28

- 2 -
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO BIFURCATE
LIABILITY FROM MONELL AND PUNITIVE DAMAGES
EXHIBIT 1 TO DEFTS' OPP TO PLTF'S MTN IN LIMINE NO. 1 - Pg 15

substantial benefits. *Svege v. Mercedes-Benz Credit Corp.*, 329 F. Supp.2d 283, 284 (D.Conn. 2004). *See also Wright & Miller* § 2388 ("the piecemeal trial of separate issues in a single lawsuit… is not to be the usual course.")

Defendants assert that a request to bifurcate civil rights claims should be routinely granted as commonplace. However, that argument directly contradicts the clear line of authority holding that there is no bright line rule as to when bifurcation is appropriate. Rather, courts must decide bifurcation on a case-by-case basis. *Green v. Baca*, 226 F.R.D. 624, 631 (C.D.C.A. 2005); *Saxion v. Titan-C-Manufacturing Inc.*, 86 F.3d 553, 556 (6th Cir. 1996); *Dallas v. Goldberg*, 143 F. Supp. 2d 312, 315; *Medina v. City of Chicago*, 100 F.Supp.2d 893, 895 (N.D. Ill. 2000) (bifurcation not required in every case and depends on claims in particular case); *Owensby v. City of Cincinnati*, 385 F.Supp.2d 626, 665 (S.D. Ohio 2004) (bifurcation dependent facts and circumstances particular to each case).

Factors that courts consider in determining whether bifurcation is appropriate include the potential for undue prejudice to the parties, potential confusion to the jury, and the relative convenience and economy which would result. *Green*, at 631; *Saxion*, at 556. Overall, overcoming the "'fundamental presumption which favors the trial of all issues to a single jury and underlies the assumption of Rule 42(b) … is reserved for truly extraordinary situations of undue prejudice.'" *Pavone*, 1997 WL 833472 at 2, quoting *Monaghan v. SZS* 33 Assocs., 827 F. Supp. 233, 245 (S.D.N.Y. 1993)

### III. ARGUMENT

**A. The Combined Trial of Liability and Damages Will Not Prejudice Defendants.**

Although Defendants attempt to argue a combined trial of liability and damages will result in undue prejudice or cause confusion for the jury, those statements are merely conclusory as they fail to cite any specific examples or authority. Public entities and/or Police Officers, supported by the taxpaying jurors, often have the

jurors' sympathy, or built-in police officer bias, and do not suffer because of the introduction of damages evidence.

In the pre-trial phase, the *voir dire* conducted on the prospective jurors can determine whether those who are seated will abide by the law. During *voir dire*, the prospective jurors are informed about the identity of the parties and the general nature of the incidents at issue. They will be queried about their ability to award appropriate damages *if* they decide liability in favor of Plaintiff first, and ensure that in deciding this case they will not be swayed by emotions. Further, the potential prejudice feared by Defendants can "most effectively be minimized or avoided through cautionary instructions at the outset of the case and throughout the trial designed to emphasize that jurors must not be swayed by sympathy and that they have a duty to consider the evidence and the claims fairly and impartially." *Svege v. Mercedes-Benz Credit Corp.* (D.Conn. 2004) 329 F.Supp.2d, 283, 285.

In *Medina v. City of Chicago*, in responding to the defendants' argument that bifurcation was necessary to avoid prejudice to the individual officers, the court noted, "our system generally trusts jurors to understand and follow limiting instructions regarding consideration of evidence against some defendants and not others - even in criminal cases, where a person's liberty is at stake." *Medina v. City of Chicago*, (N.D. Ill 2000) 100 F.Supp.2d 893, 897.

**B. Bifurcation Will Result In Undue and Extreme Prejudice To Plaintiff.**

While the issues of liability and damages are distinct in every case, in this instance, the actions concerning Defendants' liability stems directly from the damages Plaintiff suffered, and the issues are sufficiently interwoven. Specifically, Plaintiff was held in custody (part of his damages argument) during the same time period in which Defendants violated his Constitutional rights by withholding potentially exculpatory evidence.

- 4 -
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO BIFURCATE

EXHIBIT 1 TO DEFTS' OPP TO PLTF'S MTN IN LIMINE NO. 1 - Pg 17

At the crux of their first argument, Defendants claim the trial in this case is likely to be time-consuming and complicated. Such a claim is unsupported. The evidence presented will be efficient and straightforward, but also overlapping with part of Plaintiff's damages evidence.

From a practical standpoint, for Plaintiff's *Brady* claim, a liability only phase of this case would need to include certain explanations to the jury to enable conceptualization of legal issues such as deliberate indifference, potentially exculpatory (material to guilt or punishment), and the like. This would require the jurors being told about Plaintiff's arrest, the charges originally filed against him, his trial and the evidence presented by the State to convict him. Implicit in this line of evidentiary presentation is that Plaintiff was sentenced and spent time in prison for a crime that DNA proved he did not commit. If the jury is not allowed to hear of Plaintiff's conviction and a court ultimate granting of a finding of factual innocence, the jury will be left to wonder if Plaintiff is simply a felon trying to pin blame on LAPD Officers who committed a procedural or technical error.

### C. Bifurcation Will Cause Jury Confusion

A bifurcated trial in this case will cause most of the issues to be repeated to the jury in both phases. This would undoubtedly confuse the jury, and waste judicial resources.

Plaintiff will present evidence proving the Defendants' liability for failing to turn over *Brady* material, but would then have to reintroduce evidence on the same issues and standards to a second phase jury to be sure the jurors understood the wrongfulness of the conduct at issue when describing the damages. Additionally, and as mentioned, in the first phase, the jury would need – or assume – information regarding Plaintiff's initial arrest and subsequent confinement to add necessary context to the case and the issues involved. Trying to compartmentalize the juror's natural mental processes by splitting the case into two will merely confuse them and

detract from their assignment of taking careful account of all facts and issues presented to them in a single phase, and following the Court's directives on the need to find liability before assessing damages.

### D. Bifurcation Will Waste Judicial Resources and Inconvenience All

If the case is split into two phases of trial, the evidence presented would be largely repetitive. To fairly and effectively present Plaintiff's case in a two-phase trial, the evidence presentation in the second phase would greatly mimic that of the first phase. Plaintiff would call the same experts, and the same witnesses; some of them employed police officers who have public duties to attend to. The only potentially different witness or evidence to be presented for damages-only is Plaintiff's medical provider to discuss subsequent medical care post-exoneration. As noted in Defendants' brief, Plaintiff's mother is also likely to be called. However, she will testify during the "liability" phase of the trial to establish Plaintiff's alibi, innocence, and lack of disclosure of *Brady*-materials during the initial criminal investigation of Plaintiff – so the jury would be hearing from Plaintiff's mother twice in a two-phase trial.

Bifurcation would extremely inconvenience Plaintiff's witnesses and the expert witnesses for both sides by forcing them to testify twice, essentially on the same issues.

This Court – already facing a second round of trial for *Monell* issues – would be extremely inconvenienced and hampered with added days or weeks before this case is completed. Finally, an important consideration is the unnecessary waste of time for the jurors in the first round to hear duplicative evidence and issues. For a case that has already absorbed more than a year's worth of in-depth and complicated briefing, it would be most judicious for the Court to allow the individual *Brady* claims to proceed in a single trial, with a final single trial on the *Monell* issues.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court deny Defendants' Motion for Bifurcation under FRCP 42(b). For the sake of obvious efficiency, and to avoid undue prejudice to Plaintiff, the case against the individual Defendants should be tried in a single phase.

DATED: September 11, 2018   **LAW OFFICES OF JAN STIGLITZ**

/s/ Jan Stiglitz
Jan Stiglitz, Esq.
Attorney for Plaintiff
*Luis Lorenzo Vargas*

DATED: September 11, 2018   **BOON LAW**

/s/ Brett A. Boon
Brett A. Boon, Esq.
Attorney for Plaintiff
*Luis Lorenzo Vargas*

DATED: September 11, 2018   **BENNER LAW FIRM**

/s/ Craig S. Benner
Craig S. Benner, Esq.
Attorney for Plaintiff
*Luis Lorenzo Vargas*

DATED: September 11, 2018   **ALEXANDER J. SIMPSON, ESQ.**

/s/ Alexander J. Simpson
Attorney for Plaintiff
*Luis Lorenzo Vargas*