# EXHIBIT 2

**EXHIBIT 2 TO DEFTS' OPP TO PLTF'S MTN IN LIMINE NO. 1 - Pg. 21**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-08684-SVW-AFM | Date | October 3, 2018 |
| Title | Luis Lorenzo Vargas v. City of Los Angeles et al. | | |

Present: The Honorable STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION [148] AND PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION [146], AND GRANTING DEFENDANTS' MOTION IN LIMINE [149]

The Court DENIES Plaintiff's motion to deem matters ruled upon in summary judgment established law of the case. Dkt. 146. The Court also DENIES Defendants' motion for reconsideration, Dkt. 148, of the Court's August 7, 2018 order.

Furthermore, Defendants are ORDERED TO SHOW CAUSE by October 18, 2018 why Defendants' counsel should not be sanctioned under L.R. 83-7 for failure to conform to L.R. 7-18. Under L.R. 7-18, a motion for reconsideration may be made "only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision." Importantly, "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id.* The Court seeks an explanation as to why the motion for reconsideration was justified—in particular with respect to Defendants' arguments regarding the materiality of *Brady* material—given that some of those arguments, such as the applicability of *Smith v. Almada*, 640 F.3d 931 (9th Cir. 2011), appear to have already been presented to the Court.

| | : |
|---|---|
| | Initials of Preparer |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-08684-SVW-AFM | Date | October 3, 2018 |
| Title | Luis Lorenzo Vargas v. City of Los Angeles et al. | | |

    Lastly, the Court GRANTS Defendants' motion in limine to bifurcate liability and damages, Dkt. 149, on the ground that doing so is necessary to avoid the presentation of evidence regarding Plaintiff's incarceration that could substantially prejudice Defendants at the liability stage(s) of trial. The trial will thus proceed in three stages: (1) liability of Defendants Quijano and Smith; (2) *Monell* liability of the City of Los Angeles and the Los Angeles Police Department (if necessary); and (3) damages (if necessary). During stages (1) and (2), no party may refer to the length of Plaintiff's incarceration or the fact of Plaintiff's incarceration; only the fact that Plaintiff was found guilty may be referred to.

    In sum, the Court DENIES Plaintiff's motion to deem matters established law of the case, Dkt. 146, DENIES Defendants' motion for reconsideration, Dkt. 148, and GRANTS Defendants' motion in limine, Dkt. 149, according to the guidelines laid out above.

    IT IS SO ORDERED.

 

:

Initials of Preparer

PMC