**MICHAEL N.  FEUER,** City Attorney - SBN 111529
**JAMES P. CLARK,** Chief Deputy City Attorney – SBN 64780
**CORY M. BRENTE,** Senior Assistant City Attorney – SBN 115453
**GEOFFREY PLOWDEN,** Deputy City Attorney – SBN 146602
200 North Main Street, 6th Floor, City Hall East
Los Angeles, California 90012
Phone No.: (213) 978-7038
Fax No.:    (213) 978-8785
Email: geoffrey.plowden@lacity.org

*Attorneys for Defendants,* **CITY OF LOS ANGELES, LOS ANGELES POLICE
DEPARTMENT, MONICA QUIJANO, RICHARD TAMEZ and
SCOTT SMITH**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| LUIS LORENZO VARGAS,<br><br>              *Plaintiff,*<br><br>    v.<br><br>CITY OF LOS ANGELES, et al.<br><br>              *Defendants.* | **CASE NO.  CV16-08684 SVW (AFMx)**<br>*Hon. Stephen V. Wilson, Ctrm. 10A*<br>*Mag. Alexander F. MacKinnon, Ctrm. H, 9ᵗʰ Fl.*<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE PRIOR BAD ACTS; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF GEOFFREY PLOWDEN**<br><br>Hearing:   6/10/19<br>Time:          1:30 p.m.<br>Place:        Courtroom 10A<br>First Street Courthouse<br>350 West 1st Street<br>Los Angeles, CA 90012-4565 |

### TO THE HONORABLE COURT, PLAINTIFF AND HIS COUNSEL OF RECORD:

Defendants submit the following opposition to Plaintiff's Motion *in Limine* No. 2 to exclude prior bad acts of plaintiff from the entire trial.  For the reasons stated herein, plaintiff's motion should be denied.

First, plaintiff's motion fails to comply with L.R. 7-3, requiring a meet and confer seven days prior to the filing of the motion and a statement in the notice of the motion the motion was made following the conference of counsel pursuant to L.R. 7-3.

Secondly, plaintiff's motion, incredibly, seeks to exclude evidence of plaintiff's prior rape conviction and incarceration *en toto*, including from the damages phase of the trial.  In bringing the motion, plaintiff ignored the applicable jury instruction and well-settled Ninth Circuit authority.

Defendants submit there are numerous reasons why the prior rape conviction should be admissible, unrelated to plaintiff's bad character or propensity to commit crimes.  For example, plaintiff's prior conviction for forcible rape was the reason why plaintiff was sentenced to such a long sentence (i.e. 55 years to life) and served the amount of time in custody he did. The prior conviction and sentence, including time and experience in prison, relate directly to the nature and extent of his damages in this case, as most jurors have no idea what it is like to be arrested, convicted, sentenced and serve time in prison.

The fact of the 1992 rape conviction explains why plaintiff would not have taken the witness stand in his own defense at the 1999 trial, thus critical to this jury's determination of "materiality" in this case.

The prior demonstrates a lack of "malice" by the defendants. They didn't just pick on some law abiding citizen. Their knowledge of the prior rape conviction also demonstrates a lack of deliberate indifference on behalf of the defendants.  Their states of mind are part of plaintiff's punitive damages and *Brady* claims in this case. An order granting plaintiff's motion will result in a verdict based on an incomplete "picture" of the defendants' investigation and state of mind.

In short, the priors relate to topics **unrelated** to plaintiff's character or propensity; rather they relate to plaintiff's damages, materiality, punitive damages and deliberate indifference. All of these elements are at issue in the case, making the prior conviction evidence highly relevant. Further, defendant would agree to a limiting jury instruction, lessening any prejudice to plaintiff.

This opposition is based on the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Geoffrey Plowden ("Plowden Decl.")

2

1    and any exhibits presented at the hearing on the motion, as well as the Court's files

2    and records herein.

3    Dated: May 20, 2019          **MICHAEL N. FEUER**, City Attorney
                                   **JAMES P. CLARK,** Chief Deputy City Attorney
4                                  **CORY M. BRENTE**, Assistant City Attorney

5                                  By:  _____/s/ Geoffrey Plowden_____
                                        **GEOFFREY PLOWDEN**, Deputy City Attorney
6
                                   Attorneys for Defendants **CITY OF LOS ANGELES,**
7                                  **LOS ANGELES POLICE DEPARTMENT, MONICA**
                                   **QUIJANO, RICHARD TAMEZ and SCOTT SMITH**
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

The Court is well versed in the facts of the case, as well as the law and motion which has preceded the trial in this matter. Defendant will point out a few foundational facts.

Plaintiff was arrested on July 21, 1998. Prior to his arrest, Defendants learned of plaintiff through a tip from a gang member in the community where some of the charged crimes had occurred. Prior to Vargas' arrest on July 21, 1998, the defendant detectives learned that Vargas had suffered a prior conviction for forcible rape in 1992 and had possibly failed to register as a sex offender in accordance with California Penal Code Section 290. As a result of having learned this information, defendants obtained a prior booking photograph of Vargas. Plaintiff's photograph was then shown to the victims. Afterward, Vargas was initially detained on the failure to register offense and brought to the station on July 21, 1998.  A photograph of Plaintiff was then taken, placed in a second six-pack (and in a different position therein) and both Teresa R. and Edith G. selected his photograph a second time. He was then formally arrested after being identified by the victims using a recent photograph of Vargas. This information is documented in the officers' chronological record and other related documents, including the July 21, 1998 arrest report. These documents were placed in the Serial Rapist Book and provided to the District Attorney.  This background information is how the defendants found the plaintiff. The defendants were not involved in the prior arrest or conviction of Vargas.

By asserting a section 1983 Brady claim, plaintiff has placed at issue the focus of the defendants' investigation, their actions and state of mind during the time period of 1998 to June 26, 2000, as well as his biases, veracity, and claim for compensatory and exemplary damages.  Plaintiff should not be permitted to artificially "sanitize" his very relevant criminal history.  If so, defendants will suffer irreparable prejudice.

///

## II. PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE *ANY* EVIDENCE OF PLAINTIFF'S PRIOR CONVICTION MUST BE DENIED.

During the trial, plaintiff is expected to testify as a witness. If he testifies, FRE Rule 609 allows the introduction of his felony prior. Rule 609 states in pertinent part (emphasis added):

> (a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
> (A) **must be admitted**, subject to Rule 403, in a civil case…
> (b) Limit on Using the Evidence After 10 Years… if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

In short, Rule 609(a) provides that any felony conviction may be used to impeach a witness, and that such convictions should ordinarily be admitted subject to the Rule 403 balancing. Moreover, under Rule 609(b), convictions that are more than ten years old may also be used if the probative value of the evidence, under the specific facts and circumstances of the case, outweigh it prejudicial effect.

Defendant submits the probative substantially outweighs its prejudicial effect, for the reasons stated below. Any prejudice will be diminished by a limiting instruction given to the jury. Defendants have provided plaintiff with written notice of the intent to use the prior. Thus, the criteria of Rule 609 has been met.

///
///
///
///

5

### III.   PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE ANY EVIDENCE OF PLAINTIFF'S PRIOR CONVICTION MUST BE DENIED AS HIS PRIOR ARREST, CONVICTION AND PRISON TIME ARE RELEVANT TO HIS DAMAGES IN THIS ACTION.

Irrespective of Rule 609, Federal Rule of Evidence 404(b) states in pertinent part: "Evidence of other crimes, wrongs or acts … may be admissible for other purposes…"  Plaintiff's motion *in limine* incorrectly assumes 404(b) lists all of the purposes for which such evidence may be admitted (motive, intent, absence of mistake, etc.). He is wrong. The other purposes listed in this rule do not constitute an exhaustive list of all the purposes which such evidence may be admitted. *See, Udemba v Nicoli,* 237 F.3d 8, 15 (1st Cir. 2001)

The case law supports defendants' position.  *See, Green v. Baca*, 226 F.R.D. 624, 658 (C.D. Cal. 2005) (wherein the court held that the plaintiff's prison time and length thereof were relevant to the jury's consideration of damages). The *Green* court held that the "[p]laintiff's contention that such evidence will be unduly prejudicial can be properly addressed by giving an appropriate limiting instruction to the jury." *Id*. *See also, Peraza v. Delameter*, 722 F.2d 1455, 1457 (9th Cir. 1984) (holding that the trial court properly admitted evidence of plaintiff's subsequent encounters with the police as relevant to plaintiff's claim that he suffered injury to "head, body and psyche" as a result of the arrest at issue); *See also*, *Lewis v. District of Columbia*, 793 F.2d 361 (D.C. Cir. 1986) (evidence of plaintiff's drug use relevant to extent of damages.)

Other police contacts, arrests, convictions and incarceration go to plaintiff's claimed damages for any type of mental distress sustained as a result of this incident. *See, Halvorsen v. Baird*, 146 F.3d 680, 686-87 (9th Cir.1998) (the court reasoned that evidence of pain and suffering from other events can be used to challenge the claims of pain and suffering in the case at bar).  In addition, to the extent that plaintiff testifies that the convictions at issue in this case caused him emotional distress, defendants

should be able to use plaintiff's prior convictions to give context to plaintiff's damages claims.

A juror must be given some context in which to evaluate the nature and extent of plaintiff's damages. Without testimony or introduction of the prior sentence and confinement, a juror will be left to believe plaintiff was never convicted and/or incarcerated beforehand and has always been a law-abiding person. That is patently unfair to defendants, who believe the emotional upset is far less for someone who has been to prison before, rather than a first time offender.

Defendants will be using the prior for other purposes, as provided for by Rules of Evidence 404(b). Defendants will not be using to the prior conviction and incarceration to demonstrate bad character of plaintiff or his propensity to commit crimes. As such, the prior conviction and confinement should be allowed into evidence.

## IV.   PLAINTIFF'S PRIOR CONVICTION FOR FORCIBLE RAPE WAS THE REASON WHY PLAINTIFF WAS SENTENCED AND SERVED THE AMOUNT OF TIME IN CUSTODY HE DID.

Plaintiff was incarcerated for 17 years. He was sentenced to 55 years-to-life. No doubt plaintiff will repeatedly reference these facts in order to garner sympathy from the jury. However, the reason plaintiff received such a lengthy sentence was because of his forcible rape prior conviction from 1992, a fact the defendants had nothing to do with.  This prior rape counted as a "second strike" resulting in a 50 year "enhancement" to his sentence on the Teresa R. rape. Recall, plaintiff was not sentenced on the Karen P. and Edith G. sexual assaults (which were not cleared by subsequent DNA testing). Thus, in order for the jury to understand that it was plaintiff's prior conviction and the "strike" sentencing scheme, and not the actions of the defendants, which caused such a lengthy prison term, some mention of the prior

criminal history must be given to the jury[1].  Defendant proposes a stipulated set of facts be read to the jury to make this clear and lessen any perceived prejudice to plaintiff.

## V.   THESE PRIORS EXPLAIN WHY HE WOULD NOT HAVE TAKEN THE WITNESS STAND IN HIS OWN DEFENSE AT TRIAL, THUS CRITICAL TO THIS JURY'S DETERMINATION OF MATERIALITY.

Plaintiff's due process violation claim in this case requires he demonstrate materiality. *Kyles v. Whitley,* 514 U.S. 419 (1995) mandates the jury look at the suppressed evidence in the context of the *whole trial*. Deputy District Attorney Robin Allen and Frank Rorie, the attorneys involved in the underlying trial are expected to testify in this case. They will explain why or why not the 10 or 11 other crime reports (at issue in this case) would have been introduced at trial, and how they would or would not have been used against the prosecution. But the key issue is whether these crime reports being introduced would have caused plaintiff to testify in his own behalf, ie., would have substantially changed the course of the trial.  Defendants think not, and the reason is because of plaintiff's prior conviction for forcible rape; plaintiff would be impeached with a prior felony conviction the moment he testified.  Even if the prior was "sanitized" by the trial judge, plaintiff would have been forced to mention the charge, the court and the sentencing date. Given the prior charge was the same as the charge the jury was considering, the prior would have been devastating to plaintiff's defense. Thus, the jury will learn the introduction of these other crime reports would not have changed the evidence presented at trial. Again, defendants would agree to a limiting instruction.

---

[1] California Penal Code section 261 provides for a prison term of three, six or eight years. The prior strike results in a sentencing enhancement of that term to 25 years to life, per PC 667.a1. Plaintiff received twice that term of 25 years, plus an additional five years, for a total sentence of 55 years to life.

As the Court can see, the prior conviction is highly probative and relevant to materiality, and it is not being used to show propensity or bad character of the plaintiff. Under Rule 404(b), it should be allowed into evidence in phase one of the trial.

## VI.   PLAINTIFF'S PRIOR CONVICTION AND CRIMINAL HISTORY WAS INFORMATION KNOWN TO DEFENDANTS AND DEFENDANTS INTEND TO DEMONSTRATE DEFENDANTS DID NOT ACT WITH DELIBERATE INDIFFERENCE AND WITH MALICE TOWARDS PLAINTIFF'S CONSTITUTIONAL RIGHTS.

Plaintiff's 42 USC 1983 claim in this case requires he prove defendants acted with deliberate indifference to an accused's rights or for the truth in suppressing the evidence.  (Ninth Cir. Model Instr. 9.33A). His punitive damages claim against defendants requires he prove defendants acted with malice, oppression or reckless disregard to plaintiff's rights. (9th Cir. Model Inst. 5.5)[2]

Plaintiff's experts will argue that defendants were deliberately indifferent in selecting plaintiff and did not treat plaintiff fairly in their investigation after learning of his prior conviction.  In essence, plaintiff's own experts raise the issue of plaintiff's prior.  Defendants dispute these experts can even testify at trial, but certainly if they are allowed to express such opinions, the bases of their opinions (that defendants narrowly focused their investigation and discovery obligations on plaintiff because of his prior conviction) should not be unfairly redacted such that the jury has no idea what they are talking about.

---

[2] 9th Cir Model Instr. 5.5 states: Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

The defendants' knowledge of prior arrests and conviction of plaintiff demonstrate a lack of malice by the defendants. They did not just pick on some law abiding person. Their training and experience led them to believe that the suspect who they were investigating possibly could be a prior rapist, and/or someone who had not registered as a sex offender. These facts coupled with information leading to them identifying Vargas would lead a detective to believe Vargas may have resumed the predatory behavior of a sexual assault offender who wished to evade detection by intentionally failing to comply with Penal Code Section 290.

Any adjudication of the reasonableness of the officers' actions must be made based upon the information known to the officers at the time of the challenged actions or inactions. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). It is essential to avoid hindsight analysis. *John v. City of El Monte*, 505 F.3d 907, 911 (9th Cir. 2007) (citation omitted). The plaintiff's prior conviction for rape was known information at the time.

Whether a defendant acted with deliberate indifference or reckless disregard "is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence." *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1078 (9th Cir. 2013) (citation omitted) (Cited by *Mellen v. City of Los Angeles,* 900 F.3d 1085, 1101 (9th Cir. 2018))

"Officer's testimony (of prior criminal activity of plaintiff) was not offered to establish that appellant was acting in conformity with personal character trait where it was introduced so that jurors would understand legally relevant experience through which officer would have filtered facts available at time he encountered appellant. *Morgan v. City of Chi.*, 822 F.3d 317 (7th Cir. 2016). Such is the case herein as Defendants are being sued for punitive damages, as well as being accused of being deliberately indifferent. Their experience with the plaintiff's prior criminality is central to explaining their state of mind and course of action.

10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Courts have recognized that "Rule 404(b) is an inclusionary rule, allowing evidence of other crimes or acts to be admitted, except that which tends to prove only criminal disposition. *United States v. Penniegraft*, 641 F.3d 566, 574 (4th Cir. 2011). Thus, the prior will not be used to show bad character or propensity of plaintiff, but rather for other purposes, as allowed by 404(b).

**CONCLUSION**

For the reasons set forth above, Plaintiff's Motion *in Limine* No. 2 should be denied.

Dated: May 20, 2019

**MICHAEL N. FEUER**, City Attorney
**JAMES P. CLARK,** Chief Deputy City Attorney
**CORY M. BRENTE**, Assistant City Attorney

By: _____/s/ Geoffrey Plowden_____
   **GEOFFREY PLOWDEN**, Deputy City Attorney

Attorneys for Defendants **CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, MONICA QUIJANO, RICHARD TAMEZ and SCOTT SMITH**

11

## DECLARATION OF GEOFFREY PLOWDEN

I, Geoffrey Plowden, declare the following to be true and correct:

1.      I am an attorney at law, duly admitted to practice before the Court, and am counsel for defendants in the matter of *Vargas v. City of Los Angeles.* I am familiar with the file materials in this case, the underlying criminal prosecution of plaintiff, I am a former Deputy District Attorney, and have tried civil rights cases in the U.S. District Court, Central District for more than 18 years.

2.      The introduction of any evidence of plaintiff's prior conviction and incarceration will not be used to show his bad character or propensity to commit rape. His character and propensity are not even at issue in this case.  What are at issue in this case is the defendant's actions towards plaintiff based on the information known to them at the time. At issue is also materiality, deliberate indifference, malice and damages. That is what the prior will be used for.

3.      Defendants will be unfairly prejudiced if not allowed to introduce some evidence of the plaintiff's past criminal "bad acts."  I have tried similar cases for several years and it is my experience most lay jurors have not been convicted of a crime, nor served time in custody. In short, they have no context in which to evaluate the emotional distress caused by such events. However, they can have some context to the plaintiff's damages if they know he has experienced a similar trauma before. It will help them evaluate the nature and extent of plaintiff's harm.

4.      Defendants will be unfairly prejudiced if not allowed to speak about how they found plaintiff from his criminal history, which caused them to secure his booking photograph, show it to the victims, take the case to the DA, etc. The jury may be left with the impression they just picked Vargas off the street for no reason.

5.      I cannot defend the materiality, deliberate indifference and punitive damages claim without referencing the prior. I expect the DA, Robin Allen, to discuss it as it relates to the trial proceedings. I expect the defendant to discuss it as it relates to their state of mind.

12

6.     Per Rule 609, I served notice upon plaintiff of my intent to use the prior.  I have advised plaintiff I will agree to a limiting instruction any time the prior is mentioned.

7.     I also suggested a stipulated set of facts be read to the jury so that the prior is not emphasized in testimony. Plaintiff wants the prior and any reference thereto struck from *all* phases of the trial, including the damages phase.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 20th day of May, 2019, at Los Angeles, California.

/s/ *Geoffrey Plowden*

_____
Geoffrey Plowden
Declarant