**MICHAEL N. FEUER,** City Attorney - SBN 111529
**JAMES P. CLARK,** Chief Deputy City Attorney – SBN 64780
**CORY M. BRENTE,** Senior Assistant City Attorney – SBN 115453
**GEOFFREY PLOWDEN,** Deputy City Attorney – SBN 146602
200 North Main Street, 6th Floor, City Hall East
Los Angeles, California 90012
Phone No.: (213) 978-7038
Fax No.:    (213) 978-8785
Email: geoffrey.plowden@lacity.org

Attorneys for Defendants, **CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, MONICA QUIJANO, RICHARD TAMEZ and SCOTT SMITH**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS LORENZO VARGAS,<br><br>       Plaintiff,<br><br>    v.<br><br>CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT; COUNTY OF LOS ANGELES; OFFICE OF THE LOS ANGELES DISTRICT ATTORNEY; LOS ANGELES SHERIFF'S DEPARTMENT; MONICA QUIJANO; RICHARD TAMEZ; and DOES 1-10 INCLUSIVE,<br><br>       Defendants. | **CASE NO. CV16-08684 SVW (AFMx)**<br>*Hon. Stephen V. Wilson, Ctrm. 10A*<br>*Mag. Alexander F. MacKinnon, Ctrm. H, 9th Fl.*<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO PERMIT EXPERT TESTIMONY AND OPINION; DECLARATION OF GEOFFREY PLOWDEN; EXHIBIT**<br><br>Hearing:    6/10/19<br>Time:         1:30 p.m.<br>Place:        Courtroom 10A<br>First Street Courthouse<br>350 West 1st Street<br>Los Angeles, CA 90012-4565 |

**TO THIS HONORABLE COURT, PLAINTIFF AND HIS COUNSEL:**

Defendants submit the following opposition to Plaintiff's (unsolicited) Motion to Permit Expert Testimony and Opinion.

This opposition is based on the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Geoffrey Plowden ("Plowden Decl.") and exhibit, as well as the Court's files and records herein.

The bases for the opposition are as follows: This Court has already advised the parties experts need not be utilized for trial.  Plaintiff's experts seek to introduce

1

1   opinions which are for the jury to determine for themselves. The disclosure of these

2   experts was very late, in violation of F.R.Civ.P. Rule 26(a)2(D), and unfairly prejudice

3   defendants.

4   Dated: May 20, 2019           **MICHAEL N. FEUER**, City Attorney

5                                 By:_____ /s/ *Geoffrey Plowden*

6                                       **GEOFFREY PLOWDEN**, Deputy City Attorney
                                  *Attorneys for Defendants* **CITY OF LOS ANGELES,**
7                                 **LOS ANGELES POLICE DEPARTMENT,**
                                  **MONICA QUIJANO, RICHARD TAMEZ and**
8                                 **SCOTT SMITH**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      PROCEDURAL HISTORY**

On November 21, 2016, over two and a half years ago, plaintiff filed this action. The parties engaged in law and motion, discovery and conferences with the Court. At no time during this period of time did plaintiff make Rule 26(a) expert disclosures. (See, accompanying Declaration of Geoffrey Plowden "Plowden Decl.") Then, on April 15, 2019, this Court set the matter for trial for June 25, 2019. Again, plaintiff did not promptly serve disclosures upon defendants.  Plaintiff waited until May 6, 2019 to finally serve Rule 26(a) expert disclosures. Defendants have been prejudiced by this delay. (Plowden Decl.)

At the Status Conference of April 15, 2019, the Court advised the parties that expert witnesses were not necessary for the trial. (See p. 13, Reporter's Transcript ("RT"), attached as Exhibit 1 Plowden Decl.)  And specifically, the Court stated that plaintiff's retained legal expert, Kurt Hermansen, should not be opining on materiality for the jury. (Plowden Decl. Ex. 1, p.13) The Court also advised plaintiff that plaintiff's police practices expert, Roger Clark, would not be allowed. (Plowden Decl., Ex. 1, p. 15) At the conclusion of the status conference, the Court directed defendants to file a motion for partial summary judgment as to the *Monell* claim. A minute order reflecting that directive was entered. (Doc. 188) No minute order was entered directing plaintiff to file a motion to permit experts.

**II.      PLAINTIFF'S MOTION TO HAVE EXPERTS HERMENSEN AND CLARK RENDER LEGAL OPINIONS AND FACTUAL CONCLUSIONS MUST BE DENIED.**

Since all of Mr. Hermansen and Mr. Clark's opinions about the *Brady* claim directly state their views on how the jury should decide the ultimate issues in this case, all of those opinions are inadmissible in this matter.  For example, Mr. Clark opines "the information (that there were other rapes reported to LAPD) was either deliberately withheld from the district attorney or erroneously and negligently withheld from the

3

1   district attorney." (Doc. 193-1, p. 23 of 148) He further opines "their failure to consider

2   the alleged crimes in the context to other obvious similar crimes he could not have

3   committed and to include all exculpatory evidence to the district attorney. (sic) Their

4   failures in this regard are obvious, and they are a reckless abuse of their police powers."

5   (Doc. 193-1, p. 24 of 148)[1]   Such opinions and conclusions do not assist the trier of fact

6   in any way.

7          When it comes to expert opinions about police practices in §1983 cases, while

8   there is no doubt that under Rules 702 and 704 an expert may testify about the applicable

9   professional standards and the [police] defendants' performance in light of those

10  standards...expert opinions will be excluded to the extent that they are phrased in terms

11  of inadequately explored legal criteria or otherwise tell the jury what result to reach.

12  See, *Halcomb v. Washington Metro. Area Transit Auth*., 526 F.Supp.2d 24, 27 (D.D.C.

13  2007), (excluding expert opinion testimony on the reasonableness of the force used by a

14  police officer in a 1983 excessive force case, citing  Fed. R.Evid. 704, Advisory

15  Committee's Note.)

16         Mr. Hermansen is even bolder in his factual findings and conclusions: "I

17  conclude that the suppressed evidence is "material" since there is more than a reasonable

18  probability that admitting the evidence would have undermined confidence in the

19  verdict…" (Doc. 193-1, p. 100 of 143)  He further states, "I conclude that the third-party

20  culpability evidence that was allegedly suppressed rather than disclosed to Vargas was

21  material. And failing to disclose it prejudiced Vargas, resulting in his wrongful

22  conviction." (Doc. 193-1, p. 102 of 143)[2]

23  _____

24      [1] Mr. Clark's opinions really relate to eyewitness identification procedures and
    other aspects of the investigation, unrelated to the claim at issue in this case. Under
25  403, such opinions are irrelevant, will waste time, and confuse the jury.
26      [2] Mr. Hermansen's report is not signed, in violation of Rule 26(a). Further, his
    opinions are based on the fact that there was a "attacker series" book and
27  investigation of the "Teardrop-Rapist". However, that investigation and book was
    created **after** Vargas' conviction in 2000, and was unknown to defendants Quijano
28

4

1   Under Federal Rule of Evidence 702 expert opinion testimony is only
2   admissible if scientific, technical, or other specialized knowledge will assist the trier of
3   fact to understand the evidence or to determine a fact in issue. Thus, as a general rule,
4   federal case law holds that expert testimony should not be permitted if it concerns a
5   subject improper for expert testimony, for example, one that invades the province of the
6   jury... *United States v. Binder*, 769 F.2d 595, 602 (9th Cir. 1985) (holding, for example,
7   that credibility is a matter to be decided by the jury), overruled in part on other grounds
8   by *United States v. Morales*, 108 F.3d 1031, 1035 n. 1 (9th Cir. 1997).  This rationale for
9   excluding expert testimony rests in Rule 702's statement that expert testimony is only
10  admissible if it will assist the trier of fact to understand the evidence or to determine a
11  fact in issue.  See Fed. R. Evid. 702; *United States v. Arenal*, 768 F.2d 263, 269 (8th Cir.
12  1985) (concluding that expert opinion should be excluded on subject matter within the
13  knowledge or experience of the jury, because the testimony does not then meet the
14  helpfulness criteria of Rule 702).  In other words, the general test regarding the
15  admissibility of expert testimony is whether the jury can receive appreciable help from
16  such testimony.  See *United States v. Gwaltney*, 790 F.2d 1378, 1381 (9th Cir. 1986)
17  Along these lines, **when an expert undertakes to tell the jury what result to reach,**
18  **this does not aid the jury in making a decision, but rather attempts to substitute**
19  **the expert's judgment for the jury's**. *See Muktar v. California State Univ. Hayward*,
20  299 F.3d 1053, 1065 n. 10 (9th Cir. 2002) (emphasis added).  Accordingly, although
21  Rule of Evidence 704 allows a witness to give an opinion that *embraces* an ultimate
22  issue, **an expert witness may _not_ decide disputed facts, may not give legal**
23  **conclusions, and may not give credibility determinations** because credibility issues
24  and issues of fact are to be decided by the jury, and conclusions and instructions of law
25  are the exclusive province of the court.  *See, Wisler v. City of Fresno*, 2008 U.S. Dist.

26
27
28

and Smith. Again, under Rule 403, such opinions are irrelevant, will waste time and
confuse the jury.

5

LEXIS 73223, *6 (E.D. Cal. 2008)(excluding a police expert's opinion that officers acted with deliberate indifference, and thus unconstitutionally, because that was the ultimate issue in the § 1983 case) (emphasis added); *accord Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016-1017 (9th Cir. 2004); *Halcomb,* 526 F.Supp.2d at 27 (Expert testimony consisting of legal conclusions is impermissible because such testimony merely states what results should be reached, thereby improperly influencing the decisions of the trier of fact and impinging upon the responsibilities of the court....).

It is improper [under Rule 702] for an expert witness to offer an opinion on an ultimate issue of law.  *See Provencio v. Vasquez*, 2010 U.S. Dist. LEXIS 59731, *23 n. 8 (E.D. Cal. 2008) (disregarding as improper ultimate issue testimony an expert's opinions as to whether persons were deliberately indifferent to a medical condition) (quotation marks omitted).

Both Clark and Hermansen seek to not only opine on an ultimate issue of law, they want to opine on materiality, a jury's function. They want to opine as to their findings as to disputed facts. Again, a jury's function.  Their conclusions, while certainly helpful to plaintiff, do not assist the trier of fact, and unfairly prejudice defendants.  The jury must decide for themselves what the facts are, and whether the allegedly withheld evidence is material.

### a. Hermansen's Opinion that the Reports of Other Uncharged, Unidentified Rapes Constitute Admissible Evidence Is Pure Speculation.

Mr. Hermansen's opinion that the introduction of uncharged, unidentified reports of other sexual assaults into evidence was inevitable, and thus their suppression by defendants was material to plaintiff's guilt, is rank speculation.  There is no factual support for this in the record. He does not know what the trial attorneys or judge thought about the discoverability and admissibility of such evidence. He cites not testimony on point. There are no scientific studies on point. Again, he just offers a conclusion.

Additionally, Hermansen fails to cite the high bar Vargas would have had to overcome to even discover and introduce such evidence: "[W]hen evidence is advanced that a third party may have committed the crime," California courts have interpreted Evidence code Section 352 to **prohibit** the admission of such evidence "if it simply affords a possible ground of suspicion against [another] person; rather it must be coupled with substantial evidence tending to directly connect that person with the actual commission of the offense." *Perry v. Rushen,* 713 F.2d 1447, 1449 (9th Cir. 1983) (quoting *People v. Green*, 609 P.2d 468, 480 (Cal. 1980)). As the Court is aware, in the 1994-2000 time period, LAPD had no identifiable suspects under arrest or in custody for any of the 11 other "similar" crimes.  Vargas, for the unrelated crimes committed before his arrest, may actually have been a viable suspect. Certainly, there was no "substantial evidence" connecting a certain person to those uncharged offences.  Similarly, there was no specific evidence a specific person other than Vargas, who committed the three crimes for which Vargas was charged, thus making the information not even discoverable, let alone admissible at trial.[3]

Thus, the underpinning of Hermansen's materiality opinion that the suppressed evidence was inevitably discoverable and would have been introduced at trial is pure

---

[3] In *People v Littleton,* 7 Cal.App. 4th 906, 911 (1992), the court denied an accused discovery of uncharged similar crime reports. The Court found such evidence involved confidential, privileged information (such as the names of victims in the reports) and the relevance did not outweigh the government's (and victim's) interests in keeping the information confidential. In *People v Sandoval*, 4 Cal.4th 155, 176 (1992), the court denied the accused the right to present evidence of uncharged crimes committed by third parties at trial (where no one was arrested or in custody), per Cal. Evid. Code section 352.

speculation (he cites no on point), as any introduction of such evidence would not likely have taken place.[4]  Such speculation cannot form the bases of expert testimony.

## IV. THE DISCLOSURE OF PLAINTIFF'S EXPERTS WAS VERY  LATE AND IN VIOLATION OF F.R.CIV.P RULE 26(A)2(D), AND PREJUDICES DEFENDANTS.

On November 21, 2016, over two and a half years ago, plaintiff filed this action. The parties engaged in law and motion, discovery and conferences with the Court. Plaintiff, except for *Monell* discovery, claimed he was ready for trial in March. (Plowden Decl.)  Per Rule 26(a)2(D) Time to Disclose Expert Testimony. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made: (i) **at least 90 days before the date set for trial** or for the case to be ready for trial .

At no time during this period of time did plaintiff make Rule 26(a) expert disclosures. (Plowden Decl.) Then, on April 15, 2019, this Court set the matter for trial for June 25, 2019. Again, plaintiff did not promptly serve disclosures upon defendants: Plaintiff waited until May 6, 2019 to finally serve Rule 26(a) expert disclosures.

This delay had prejudiced defendants. Plowden Decl.  Defendants were of the same mindset of the Court; outside experts are unnecessary in this trial.  Given the delay by plaintiff, as well as the defendants' experience with the Court, defendants did not retain experts.

Hermansen's' report is unsigned. The report violates Rule 26(a)2(B), which requires a written report prepared and signed by the expert.

///

///

---

[4] Indeed, in *People v. Andrade*, 238 Cal. App. 4th 1274, 1289 (2015) a case relied on by Mr. Hermansen, the trial court **excluded as speculative** the accused's introduction of other similar rape reports (of suspects posing as police officers, raping prostitutes, even those occurring after his arrest.

## V.   CONCLUSION

Plaintiff has not provided good cause for introduction of his experts' opinions and conclusions in this case. These opinions will usurp the jury'For the reasons set forth above, Plaintiff's Motion to Permit Expert Opinion and Testimony should be denied.

Dated: May 20, 2019        **MICHAEL N. FEUER**, City Attorney
                           **JAMES P. CLARK,** Chief Deputy City Attorney
                           **CORY M. BRENTE**, Assistant City Attorney

                           By: _____ /s/ *Geoffrey Plowden* _____
                             **GEOFFREY PLOWDEN**, Deputy City Attorney

                           Attorneys for Defendants **CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, MONICA QUIJANO, RICHARD TAMEZ and SCOTT SMITH**

**DECLARATION OF GEOFFREY PLOWDEN**

I, Geoffrey Plowden, declare the following to be true and correct:

1.    I am an attorney at law, duly admitted to practice before the Court, and am counsel for defendants in the matter of *Vargas v. City of Los Angeles.* I am familiar with the file materials in this case, the underlying criminal prosecution of plaintiff, I am a former Deputy District Attorney, and have tried civil rights cases in the U.S. District Court, Central District for more than 18 years.

2.    For over two years this case has been at issue. At no time during this period of time did plaintiff make Rule 26(a) expert disclosures.  In March, 2019 plaintiff tried to push this case for trial, saying they were ready to proceed, but wanted *Monell* discovery. Then, on April 15, 2019, this Court set the matter for trial for June 25, 2019, the date plaintiff requested. Again, plaintiff did not promptly serve disclosures upon defendants: Plaintiff waited until May 6, 2019 to finally serve Rule 26(a) expert disclosures.  This is gamesmanship. As of March, 2019 plaintiff had a trial date in mind. He certainly must have had his experts lined up then. Why not disclose their reports?

3.    This delay has unfairly prejudiced defendants. Defendants were of the same mindset of the Court; outside experts are unnecessary in this trial.  Given the delay by plaintiff, as well as the defendants' experience with the Court, defendants did not retain experts.  If plaintiff's proffered experts are allowed to render these outrageous opinions and conclusions without opposing opinions, defendants will likely lose this case. Defendants may have to seek a continuance of the trial.  It is for the jury, not the experts, to decide if evidence not disclosed was material.

4.    Attached as Exhibit 1 to this declaration are true and correct copies of the Reporter's Transcript of the Status Conference of April 15, 2019. A pp. 13 -15 the

///

///

10

1    Court advised the parties of its position on the use of experts in this trial. I have relied

2    on the Court's reasoning in preparation for trial.

3           I declare under the penalty of perjury under the laws of the United States that the

4    foregoing is true and correct. Executed this 20th day of May, 2019, at Los Angeles,

5    California.

6                                        /s/ Geoffrey Plowden

7                                    _____
                                                  Declarant

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28