| | |
|---|---|
| JAN STIGLITZ (SBN 103815)<br>**LAW OFFICE OF JAN STIGLITZ**<br>14462 Garden Trail<br>San Diego, CA 92127<br>Tel.: (619) 525-1697<br>Fax: (619) 615-1497 | BRETT BOON (SBN 283225)<br>**THE BOON LAW FIRM**<br>411 Camino Del Rio South, # 106<br>San Diego, CA 92108<br>T: 619) 358-9949<br>F: (619) 365-4926 |
| CRAIG BENNER (SBN 283913)<br>**BENNER LAW FIRM**<br>411 Camino Del Rio S., Suite 106<br>San Diego, CA 92108<br>T: (619) 595-6795<br>F: (619) 595-6796 | ALEX SIMPSON (SBN 235533)<br>225 Cedar St, San Diego, CA 92101<br>P: (619) 515-1525<br>F: (619) 615-1425 |

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LUIS LORENZO VARGAS,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT; ~~COUNTY OF LOS ANGELES~~; ~~OFFICE OF THE LOS ANGELES DISTRICT ATTORNEY~~; ~~LOS ANGELES SHERIFF'S DEPARTMENT~~; MONICA QUIJANO; ~~RICHARD TAMEZ~~; SCOTT SMITH; AND DOES 1-10, INCLUSIVE,<br><br>　　　　　　Defendants. | Case No. 2:16-cv-08684-SVW-AFM<br><br>**PLAINTIFF LUIS VARGAS' LOCAL RULE 16.4 MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>HON. STEPHEN V. WILSON<br><br>CTRM:　　10A<br><br>Complaint Filed:　Nov. 12, 2019<br>Pretrial Conference: June 17, 2019<br>Trial Date:　　　June 25, 2019 |

**TO THIS COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD,** pursuant to Local Rule 16.4 and the Court's Order, Plaintiff Luis Vargas

respectfully submits the following Memorandum of Contentions of Fact and Law, addressing the contentions of the parties in the above captioned case, regarding the upcoming trial scheduled to commence June 25, 2019.

## I.  INTRODUCTION

Plaintiff Luis Lorenzo Vargas (hereinafter "Mr. Vargas") was wrongfully imprisoned for 18 years as a direct result of Defendants' deliberate indifference and reckless disregard for Mr. Vargas' Constitutional rights and protections. Mr. Vargas' claims are civil rights violations pursuant to 42 U.S.C. §1983. In sum, Defendants' violated Mr. Vargas' right to due process and right to a fair trial by improperly withholding potentially exculpatory evidence in direct violation of Constitutional obligations first established by *Brady v. Maryland*, 373 U.S. 83 (1963).

Mr. Vargas also asserts a claim for municipal liability under *Monell v. Department of Social Services of City of New York,* 436 U.S. 658 (1978) based on a systemic unConstitutional method of operation by the Los Angeles Police Department and the City of Los Angeles.

## II.  CLAIMS AND DEFENSES [L.R. 16-4.1]

Mr. Vargas plans to pursue the following claims against Defendants:

**Claim 1 – Brady Claim**

Summary:  Defendants Quijano and Smith violated Mr. Vargas' Constitutional due process rights by failing to disclose potentially exculpatory and/or impeachment evidence during his criminal prosecution.

Elements:  The elements of a civil *Brady* claim against a police officer are:

(1) the officer suppressed evidence that was favorable to the accused from the prosecutor and the defense;

(2) the suppression harmed the accused, and:

(3) the officer acted with deliberate indifference to or reckless disregard for an accused's rights or for the truth in withholding evidence from prosecutors.  Source:

*Mellen v. Winn*, 900 F.3d 1085, 1096 (9th Cir. 2018), *See also* 9th Cir. Model Jury Instructions, Instruction 9.33A

<u>Key Evidence in Support of Claim 1</u>:

Defendants created an investigative file of similar and signature crimes occurring throughout Los Angeles at the times of Vargas' arrest. Defendants created a document called the Serial Rapist Book, and created an ongoing investigation noting numerous other similar signature crimes for which Mr. Vargas was being prosecuted, the existence of which undermined the case for Mr. Vargas' guilt for the charged crimes. This extensive investigation, noting the continuation of similar signature crimes, continued even after Mr. Vargas was convicted, and after his conviction became final.

**Claim 2 – Monell Claim**

<u>Summary</u>: Similar to the *Brady* claim, the entity Defendants violated Mr. Vargas' Constitutional due process rights by failing to disclose potentially exculpatory and impeachment evidence during his criminal prosecution. However, as a distinct and separate claim, the *Monell* claim shows a violation of Mr. Vargas' Constitutional and due process rights in a universal manner, with the systematic violations occurring via the named entity Defendants. Mr. Vargas shall present to the jury evidence showing how the entity Defendants violated his Constitutional rights via a failure to train theory, an unconstitutional custom, policy and practice, and how the actions of a final policy maker, the ratifications of a subordinate's actions via a final policy maker, and/or a showing of deliberate indifference by the final policy maker as to the violations of Mr. Vargas' Constitutional rights. See *Christie v. Iopa*, (9th Cir. 1999) 176 F.3d 1231; *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988).

<u>Elements</u>: The elements of a *Monell* claim based on the actions of a final policy maker are as follows:

(1) Final policy makers at the LAPD acted under color of state law;

(2) The act[s] of the final policy makers deprived the Mr. Vargas of his particular rights under the United States Constitution;

(3) The final policy makers had final policymaking authority from the entity Defendants Los Angeles Police Department and the City of Los Angeles concerning these act[s];

(4) When the final policy makers engaged in these act[s], they were acting as a final policymaker for Defendants Los Angeles Police Department and the City of Los Angeles and;

(5) The act[s] of the final policy maker caused the deprivation of Mr. Vargas' rights. Source:  9th Cir. Model Jury Instructions, Instruction 9.6

The elements of a *Monell* claim based on the *ratification* by a final policy maker, or a final policy maker's *deliberate indifference* to the unconstitutional consequences of such actions are as follows:

(1)  Defendants Quijano and Smith acted under color of state law;

(2) The act[s] or failures to act of Defendants Quijano and Smith deprived Mr. Vargas of his rights under the United States Constitution as explained in later instructions;

(3) [name of person the plaintiff alleges was a final policymaker] acted under color of state law;

(4) [name of final policymaker] had final policymaking authority from Defendants Los Angeles Police Department and the City of Los Angeles concerning the act[s] or failures to act of Defendants Quijano and Smith; and

(5) [name of final policymaker] ratified Defendants Quijano and Smith's act[s] or failures to act, that is, [name of alleged final policymaker] knew of and specifically made a deliberate choice to approve Defendants Quijano and Smith's act[s] or failures to act and the basis for it.  9th Cir. Model Jury Instructions, Instruction 9.7

The elements for a Monell claim regarding policy, practice or custom are as follows:

(1) LAPD personnel acted under color of state law;

(2) The act[s] of the LAPD employees deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions;

(3) The LAPD employees acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of the defendant LAPD and City of Los Angeles and

(4) The defendant LAPD and City of Los Angeles' official policy or widespread or longstanding practice or custom caused the deprivation of the plaintiff's rights.

Source: 9th Cir. Model Jury Instructions, Instruction 9.5

The elements for a Monell claim regarding a failure to train are as follows:

(1) the act[s] or failure to act of LAPD police officers deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions;

(2) LAPD police officers acted under color of state law;

(3) The training policies of the LAPD and City of Los Angeles were not adequate to prevent violations of law by its employees and/or to train its police officers to handle the usual and recurring situations with which they must deal;

(4) The defendant LAPD and City of Los Angeles were deliberately indifferent to the substantial risk that its policies were inadequate to prevent violations of law by its employees and/or known or obvious consequences of its failure to train its police officers adequately; and

(5) The failure of the defendant LAPD and City of Los Angeles to prevent violations of law by its employees and/or to provide adequate training caused the deprivation of the plaintiff's rights by the LAPD police officers.

Source: Source: 9th Cir. Model Jury Instructions, Instruction 9.8

<u>Key Evidence in Support of Claim 2</u>:

Defendants created an investigative file of similar and signature crimes occurring throughout Los Angeles at the times of Vargas' arrest. This entire investigation was continued for more than a decade, including signature crimes that were continually committed long after Mr. Vargas was convicted. The policy makers within the entity Defendants knew of this investigatory file, its contents, and its far reaching potentially exculpatory or witness impeaching characteristics to Mr. Vargas. Specific testimony from multiple Los Angeles Police Department personnel with policy making authority establish these facts.

**Summary of Defendants' Affirmative Defenses**

Defendants have not plead any counterclaims, and have plead four (4) Affirmative Defenses:

**Affirmative Defense No. 1**

Failure to comply with CA Tort Claims Act, CA Gov. Code. §910 et seq. and CA Gov. Code §945.6

**Elements Required to Establish Defendants' Affirmative Defense No. 1**

Defendants must show Mr. Vargas failed to sufficiently provide a "claim presentation" within six-months of the accrual of his claim. *Bell v. Tri-City Hosp. Dist.* (1987) 196 Cal. App. 3d 438; *State of California v. Superior Court* (2004) 32 Cal. 4th 1234; CA Gov. Code §911.2

**Key Evidence to Refute Defendants' Affirmative Defense**

If this affirmative defense is still being asserted, Mr. Vargas will show his proof of Notice of Claim served on all appropriate Defendants within the statutory timeframe of his claim's accrual.

**Affirmative Defense No. 2**

Immunity pursuant to *Smiddy v. Varney*, 13 803 F. 2d 1469 (9th Cir. 1986), and *Jackson v. City of San Diego*, 121 Cal. App. 3d 579, 14 (1981)

**Elements Required to Establish Defendants' Affirmative Defense No. 2**

The anticipated use of the cases cited by Defendants would include immunity from damages based on the independent actions of the District Attorney, and/or immunity for the individual officers under CA Gov. Code §810 et seq.

Source: *Smiddy v. Varney*, 13 803 F. 2d 1469 (9th Cir. 1986), and *Jackson v. City of San Diego*, 121 Cal. App. 3d 579, 14 (1981)

**Key Evidence to Refute Defendants' Affirmative Defense**

These affirmative defenses are inapplicable to the facts of this case because the District Attorney was unable to make an informed independent decision to prosecute Mr. Vargas, as she was not provided with the relevant and exculpatory/impeachment evidence suppressed by the Defendants.

**Affirmative Defense No. 3**

Collateral Estoppel and/or Res Judicata

**Elements Required to Establish Defendants' Affirmative Defense No. 3**

To rely on the affirmative defense of res judicata, a party must show (1) a prior final determination on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were or could have been raised in the first action.

Source: *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159 (5th Cir. 2015)

To establish collateral estoppel under federal law, one must show: (1) that the issue at stake be identical to the one involved in the prior litigation; (2) that the issue has been actually litigated in the prior litigation; and (3) that the determination of the issue in the prior litigation has been a critical and necessary part of the judgment in that earlier action.

Source: *Rabo Agrifinance, Inc. v. Terra XXI LTD*, 583 F.3d 348 (5th Cir. 2015)

**Key Evidence to Refute Defendants' Affirmative Defense**

The issues regarding these affirmative defenses have already been raised, briefed, and decided by the Court. These defenses are inapplicable to the remaining claims

in this case.

**Affirmative Defense No. 4**

Immunity from Punitive Damages for individual Defendants sued in official capacity

**Elements Required to Establish Defendants' Affirmative Defense No. 4**

Defendants cite no affirmative statute or case law sustaining this affirmative defense. The elements for this position are therefore unknown to Mr. Vargas. In opposition, Mr. Vargas notes that police officers sued in their individual capacities – as is the case here – are subject to punitive damages liability.

Source: *Cornwell v. Riverside*, 896 F.2d 398 (9th Cir. 1990)

**Evidentiary Issues**

Mr. Vargas anticipates the evidentiary issues are laid out in the filed Motions in Limine, and Mr. Vargas' position with respect to each of these issues is outlined therein.

**Issues of Law**

Mr. Vargas does not anticipate any further issues of law.

### III. BIFURCATION OF ISSUES [L.R. 16-4.3]

The issue of trial bifurcation was initiated by the Court during a hearing on August 20, 2019 (ECF No. 144). Defendants filed their motion for bifurcation on September 04, 2019 (ECF No. 149). Mr. Vargas filed his Opposition on September 11, 2019 (ECF No. 152), and the Court granted the Motion for Bifurcation on October 03, 2019 (ECF No. 158).

As Mr. Vargas respects the Court's decision on this issue, it will not be reargued here. However, Mr. Vargas requests an opportunity to be heard on the issue before the start of trial as this issue relates to any developments in the evidence, claims, or otherwise.

### IV. JURY TRIAL [L.R. 16-4.4]

Mr. Vargas has made a timely jury trial demand with his Second Amended Complaint, filed on April 14, 2018 (ECF No. 113) as to all claims and issues so triable.

    a. <u>Issues Triable to the Jury</u>

        1. Whether individual Defendants Quijano and Smith violated Mr. Vargas' Constitutional rights under *Brady v. Maryland*.

        *2.* Whether Defendants Los Angeles Police Department and City of Los Angeles violated Mr. Vargas' Constitutional rights under *Monell v. Dept. of Social Services of the City of New York.*

    b. <u>Issues Triable to the Court</u>

There are no apparent issues to be tried to the Court at this time.

## V.    ATTORNEYS' FEES [L.R. 16-4.5]

Pursuant to 42 USC §1988, Mr. Vargas' attorneys will be entitled to reasonable attorney fees and costs, including expert costs, as a prevailing party in this case.

## VI.    ABANDONMENT OF ISSUES [L.R. 16-4.6]

Mr. Vargas has not abandoned any claims or issues in this case.

DATED: May 27, 2019        LAW OFFICES OF JAN STIGLITZ

                                    */s/ Jan Stiglitz*
                                    Jan Stiglitz, Esq.
                                    Attorney for Plaintiff Luis Lorenzo Vargas