**JAN STIGLITZ (SBN 103815)**
**LAW OFFICE OF JAN STIGLITZ**
14462 Garden Trail
San Diego, CA 92127
Tel.: (619) 525-1697
Fax: (619) 615-1497

**BRETT A. BOON (SBN 283225)**
brett@boonlawoffice.com
**BOON LAW**
411 Camino Del Rio S, Suite 106
San Diego, CA 92108
T: (619) 358-9949
F: (619) 365-4926

**CRAIG S. BENNER (SBN 283913)**
craig@bennerlawfirm.com
**BENNER LAW FIRM**
411 Camino Del Rio S, Suite 106
San Diego, CA 92108
T: (619) 595-6795
F: (619) 595-6796

**ALEXANDER J. SIMPSON (SBN 235533)**
ajs@cwsl.edu
225 Cedar St.
San Diego, CA 92101
T: (619) 515-1525
F: (619) 615-1425

Attorneys for Plaintiff LUIS
LORENZO VARGAS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **LUIS LORENZO VARGAS,**<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT;** ~~COUNTY OF LOS ANGELES; OFFICE OF THE LOS ANGELES DISTRICT ATTORNEY; LOS ANGELES SHERIFF'S DEPARTMENT;~~ **MONICA QUIJANO;** ~~RICHARD TAMEZ;~~ **SCOTT SMITH; AND DOES 1-10 INCLUSIVE,**<br><br>Defendants. | Case No.  2:16-cv-08684-SVW-AFM<br><br>**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION IN LIMINE NUMBER ONE TO INCLUDE EVIDENCE OF PLAINTIFF'S INNOCENCE**<br><br>**HON. STEPHEN V. WILSON**<br>CTRM 10A<br><br>**Hearing Date:** June 10, 2019<br>1:30 pm<br>**Complaint Filed:** November 12, 2016<br>**Trial Date:** June 25, 2016 |

**TO THIS COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE THAT** Plaintiff LUIS LORENZO VARGAS, by and through his counsel, hereby submits this Reply in Further Support of Plaintiff's Motion in Limine Number One to Include Evidence of Plaintiff's Innocence.

## I.   The Plaintiff's Motion In Limine No.1 is Not an Attempt to Reconsider a Prior Contested Ruling

In their opposition to Plaintiff's first motion in limine, the Defendants argue that the motion is an improper attempt to seek reconsideration. Plaintiff disagrees.

Plaintiff's Motion In Limine No. 1 did reference this court's prior ruling on the admissibility of evidence that Vargas was innocent of the crimes for which he was imprisoned. However, the precise issue presented in the motion is not one that was previously and specifically litigated and briefed.

The question of whether the jury was going to hear evidence of Plaintiff's innocence was discussed in Plaintiff's opposition to the Defendants' motion to bifurcate liability and damages. In that context, Plaintiff argued that a consequence of bifurcation would be that the jury hearing the liability phase would "be left to wonder if Plaintiff is simply a felon trying to pin blame on LAPD Officers who committed technical error." (Plaintiff's Opposition to Defendants' Motion In Limine to Bifurcate Liability, Compensatory Damages, and Punitive Damages, filed September 11, 2018.) In short, Plaintiff argued that this court should not bifurcate the proceedings for a number of reasons, including possible prejudice to Plaintiff.

It is also true, that during an April 15, 2019 hearing, counsel for Plaintiff made an oral representation to this court that we did not then anticipate litigating the specific issue of the admissibility of evidence of Plaintiff's innocence in the liability phase. After that hearing, and as we began trial preparation in earnest, we determined that we needed to litigate this specific issue and have the court consider the issue with the benefit of full briefing.

Unless Defendants can show prejudice, there is no reason why Plaintiff should be precluded from now bringing this specific issue to the court's attention for a ruling.

- 1 -

The instant motion is merely designed to ameliorate one of the consequences of this court's ruling on bifurcation.

## II.     The Introduction of Evidence Regarding Plaintiff's Innocence is Needed in Order to Ensure that Plaintiff has a Fair Trial

On the merits, the Defendants argue that Plaintiff's innocence is "irrelevant" to the question of liability. That is not true. The jury in this case will have to determine "materiality." The jury in this case cannot fairly determine materiality when knowing only that Vargas had been convicted of the crimes. In addition, as argued previously, Plaintiff will be denied a fair trial if the jury only knows half of the story.

The relevant standard for the introduction of evidence is Rule 403, which provides: "The court may exclude relevant evidence if its probative value is *substantially* outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." (Emphasis added.)

There is no basis for arguing that proof of innocence "substantially" outweighs its need. Its introduction is designed to "balance the scales." Nor is there any basis for concluding that such evidence will confuse the jury; guilt and innocence are simple, fundamental issues. It is hard to imagine that a jury in the year 2019 will have trouble understanding that the defendant was exonerated after DNA testing excluded him as the perpetrator of one of the sexual assault he was convicted of.

That the introduction of such evidence might take time does not support a claim of "undue" delay or that it is time "wasted." Ensuring a fair trial is never a waste of time. In addition, a simple stipulation that conviction was reversed based on DNA evidence, would eliminate any time or delay issues.

- 2 -

Mr. Vargas's Reply in Support of Motion

Even in the absence of a stipulation, testimony from the staff attorney at the California Innocence Project who obtained the reversal and declaration of innocence could be completed in well under a half hour. In addition, and contrary to Defendants' claim, her testimony would not be hearsay as she was a percipient witness to the stipulated habeas petition reversing the conviction and the subsequent declaration of innocence.

Citing *Johnson v. Colt Indus. Operating Corp.*, 797 F.2d 1530, 1534 (10th Cir. 1986), the Defendants argue that the Superior Court's declaration of innocence might confuse the jury because the jury might not know how much weight to give it. Plaintiff does not need to introduce the Superior Court's finding of factual innocence. In order to balance the scales in this case and avoid prejudice, Plaintiff would be satisfied with the introduction of the District Attorney's stipulation to Vargas's habeas petition. With that single document, the jury will know that after the District Attorney obtained the conviction, the District Attorney concluded that the conviction was in error and that Vargas was entitled to be released from prison.

Defendants also cite *Carter v. Burch*, 34 F.3d 257, 265 (4th Cir. 1994), which is also distinguishable. In that case, the Court of Appeals ruled that admission of a judges opinion would have been unduly prejudicial because the judge had ruled on the precise issue the jury was to decide. Here, the jury will not be tasked with determining whether Vargas committed the underlying crimes. As noted by the Defendants, here, the jury need only determine whether the withheld material was exculpatory, prejudicial, and in disregard of Vargas's rights.

## III.   Conclusion

This court is well aware that Plaintiff Vargas spent 18 year in prison for a crime he did not commit. Based on the withheld material in the Serial Rape Book, it also

- 3 -

1   appears that Plaintiff did not get a fair trial when charged with the crimes at issue. All

2   Plaintiff is seeking by this in limine is a fair trial in his civil case for compensation for

3   his wrongful conviction.

4          For all of the reasons stated previously, and here, Plaintiff's original motion

5   should be granted.

6

7

8   DATED:  May 24, 2019                    **LAW OFFICES OF JAN STIGLITZ**

9                                           /s/ Jan Stiglitz
                                            Jan Stiglitz, Esq.
10                                          Attorney for Plaintiff
                                            **Luis Lorenzo Vargas**

11  DATED:  May 24, 2019                    **BOON LAW**

12                                          /s/ Brett A. Boon
13                                          Brett A. Boon, Esq.
                                            Attorney for Plaintiff
14                                          **Luis Lorenzo Vargas**

15  DATED:  May 24, 2019                    **BENNER LAW FIRM**

16                                          /s/ Craig S. Benner
17                                          Craig S. Benner, Esq.
                                            Attorney for Plaintiff
18                                          **Luis Lorenzo Vargas**

19  DATED:  May 24, 2019                    **ALEXANDER J. SIMPSON, ESQ**.

20                                          /s/ Alexander J. Simpson
                                            Attorney for Plaintiff
21                                          **Luis Lorenzo Vargas**

22

23

24

25

26                                          - 4 -

27  Mr. Vargas's Reply in Support of Motion

28