JAN STIGLITZ (SBN 103815)
LAW OFFICE OF JAN STIGLITZ
14462 Garden Trail
San Diego, CA 92127
Tel.: (619) 525-1697
Fax: (619) 615-1497

BRETT A. BOON (SBN 283225)
brett@boonlawoffice.com
BOON LAW
411 Camino Del Rio S, Suite 106
San Diego, CA 92108
T: (619) 358-9949
F: (619) 365-4926

CRAIG S. BENNER (SBN 283913)
craig@bennerlawfirm.com
BENNER LAW FIRM
411 Camino Del Rio S, Suite 106
San Diego, CA 92108
T: (619) 595-6795
F: (619) 595-6796

ALEXANDER J. SIMPSON
(SBN 235533)
ajs@cwsl.edu
225 Cedar St.
San Diego, CA 92101
T: (619) 515-1525
F: (619) 615-1425

Attorneys for Plaintiff LUIS LORENZO VARGAS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LUIS LORENZO VARGAS,<br><br>                                Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT; ~~COUNTY OF LOS ANGELES; OFFICE OF THE LOS ANGELES DISTRICT ATTORNEY; LOS ANGELES SHERIFF'S DEPARTMENT~~; MONICA QUIJANO; ~~RICHARD TAMEZ~~; SCOTT SMITH; AND DOES 1-10 INCLUSIVE,<br><br>                                Defendants. | Case No. 2:16-cv-08684-SVW-AFM<br><br>**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION IN LIMINE NUMBER TWO TO EXCLUDE EVIDENCE OF PLAINTIFF'S PRIOR CONVICTIONS AND BAD ACTS**<br><br>HON. STEPHEN V. WILSON<br>CTRM 10A<br><br>**Hearing Date:**   June 10, 2019<br>                               1:30 pm<br>**Complaint Filed:** November 12, 2016<br>**Trial Date:**          June 25, 2016 |

1 **TO THIS COURT, ALL PARTIES, AND THEIR COUNSEL OF
2 RECORD, PLEASE TAKE NOTICE THAT** Plaintiff LUIS LORENZO VARGAS,
3 by and through his counsel, hereby submits this Reply in Further Support of Plaintiff's
4 Motion in Limine Number Two to Exclude Evidence of Plaintiff's Prior Convictions
5 and Bad Acts.

I.  Introduction

Defendants here argue that there are reasons, unrelated to Vargas's character, as to why evidence of his prior conviction should be admitted at trial. As will be discussed, none of these reasons have legal support or overcome the prejudice that will result from the introduction of this evidence.

II. Even if Plaintiff's Prior Incarceration is Admissible During the Damages Phase of the Trial, The Specific Nature of Vargas's Prior Conviction is Not

Citing *Green v. Baca* 226 F.R.D. 624 (C.D. Cal. 2005), the Defendants argue that Plaintiff's prior incarceration is relevant with regard to the jury's consideration of damages. Although *Green v. Baca* does support that conclusion, the court there was careful to rule that while the "defendant may introduce evidence of the number and duration of plaintiff's prior periods of incarcerations. Defendant may *not* introduce evidence of the nature of, or reasons for, those incarcerations." (*Green* at p. 658 emphasis added.) As the court stated, "The nature of the convictions that led to the earlier incarcerations . . . is not relevant to damages, however, and would have a prejudicial impact that would outweigh any probative value that exists." (*Green* at p. 657.)

III. Plaintiff's Prior Conviction is Not Admissible to Explain the Length of Plaintiff's Prison Sentence

Defendants also claim that the jury should be told that Plaintiff was sentenced to a term of 55 years-to-life because of his prior rape conviction. Defendant cites no authority for that proposition and this position violates the well-established "thin skull rule."

Section §31 of the Restatement (Third) of Torts, entitled "Preexisting Conditions and Unforeseeable Harm" states:

- 1 -

Mr. Vargas's Reply in Support of Motion

> When an actor's tortious conduct causes harm to a person that, because of a preexisting physical or mental condition or other characteristics of the person, is of a greater magnitude or different type than might reasonably be expected, the actor is nevertheless subject to liability for all such harm to the person.

Known as the "thin-skull" or "eggshell plaintiff" rule, it stands for the proposition that a "defendant takes the victim as found."

This position has been adopted by the United States Supreme Court, albeit in a different context. In *United States v. Feola*, 420 U.S. 671 (1975), the Court was faced with the question of whether the prosecution had to show that a criminal defendant knew that his assault victim was a federal officer in order to be convicted of assaulting a federal officer. In rejecting the requirement that a defendant need to be aware that his victim was a federal officer, the Court stated:

> Although the perpetrator of a narcotics 'rip-off,' such as the one involved here, may be surprised to find that his intended victim is a federal officer in civilian apparel, he nonetheless knows from the very outset that his planned course of conduct is wrongful. The situation is not one where legitimate conduct becomes unlawful solely because of the identity of the individual or agency affected. In a case of this kind the offender takes his victim as he finds him.

*Feola* at p. 685.

Applying that rule here would preclude the Defendants from limiting liability for Vargas's 19 years of wrongful incarceration. It was their choice to deny him his constitutional right to due process of law. They should not be allowed to limit their financial exposure because they committed the violation against someone who was

going to have longer prison sentence because of his prior wrong as opposed to some other wrongfully convicted individual who did not have a prior.

This rule was also followed in *Doty v. Sewall*, 908 F.2d 1053 (1st Cit. 1990), where a union member sought damages under the Landrum–Griffin Act, 29 U.S.C. § 153, et seq., and for common law assault and battery, from union officers who had committed those wrongs against him. At trial, on the issue of damages, the jury was allowed to hear that plaintiff, a Vietnam veteran, suffered from PTSD. In affirming the propriety of admitting that evidence, the court, citing *Feola* and other cases, stated, "In personal injury law, it is well settled that in an action for damages, the tortfeasor "takes his victim as he finds him." (*Doty* at p. 1059.)

### III. The Question of Vargas's Taking the Stand is Irrelevant

Defendants also argue that the "key issue" at the upcoming trial will be whether the introduction of the withheld *Brady* material "would have caused plaintiff to testify in his own behalf." (Opposition, p. 8.) This argument makes little sense.

Plaintiff Vargas chose not to testify at his first trial when he did not have the benefit of the withheld exculpatory material. If that material had been provided to the defense, it would have undermined the prosecution's "signature crime" theory and thus would have seriously weakened the prosecution's case and thus placed Vargas in a stronger position. As a result, if the material had been disclosed, Vargas would have been *less likely* to have taken the stand and the Defendants' argument to the contrary is both speculative and illogical.

### IV. The Testimony as Vargas's Prior Conviction is Too Prejudicial Even if Relevant to the Defendant's State of Mind

The Defendants' final argument is that Vargas's prior conviction is relevant to the Defendants' state of mind in so far as Defendants are claiming qualified immunity. The cases cited by Defendants are not on point. *Devenpeck v. Alford*, 543 U.S. 146,

Mr. Vargas's Reply in Support of Motion

152 (2004) and *John v. City of El Monte*, 505 F.3d 907 (9th Cir. 2007) both dealt with the question of probable cause for an arrest, which is not at issue here. *Morgan v. City of Chicago*, 822 F.3d 317 (7th Cir. 2016) also relates to the encounter between the police and the civil rights plaintiff but it even less on point. The testimony admitted in *Morgan* related to the officer's prior experience in the neighborhood where the civil rights plaintiff had been investigated.

The *Brady* violation at issue here relates to conduct that occurred over a period of time, not in the heat of the moment. As stated in their opposition, "By asserting a section 1983 *Brady* claim, plaintiff has place at the . . . [the Defendants'] state of mind during the period of 1998 to June 26, 2000."

In addition, Defendants seem to be arguing that knowledge of Vargas's prior made them more convinced that he was guilty. However, that is not a defense – and should not be a defense – to a *Brady* violation. The *Brady* obligation exists regardless of the power of a police officer's belief that he or she has arrested the true perpetrator and that person is on trial. The test under *Brady* is whether the material is potentially exculpatory, not whether the officer believed the right person is on trial.

Even on the issue of qualified immunity, the fact that the Defendants might have truly believed in Vargas's guilt would not be probative or overcome the prejudice of admitting Vargas's prior. There's an adage in the world of journalism that bad reporters do not want to look at all of the facts because they might "ruin a good story." The Defendants' failure to turn over *Brady* material because arguably they had more reason to believe in Vargas's guilt, actually supports the *Brady* claim at issue here.

Plaintiff believes that if the issue is the jury wondering whether the Defendant just "picked Vargas off the street," the court may fashion an instruction indicating that Plaintiff's name came to their attention in some neutral, non-prejudicial manner.

- 4 -
Mr. Vargas's Reply in Support of Motion

Plaintiff has not and will not be arguing that the police had no basis upon which to show Vargas's picture to victims.

Finally, Defendants' contention that Plaintiffs did not meet and confer as required by Local Rule prior to filing his Motion is demonstrably false. Please see the Declaration of Brett A. Boon filed herewith and exhibit attached thereto.

DATED: May 24, 2019   **LAW OFFICES OF JAN STIGLITZ**

/s/ Jan Stiglitz
Jan Stiglitz, Esq.
Attorney for Plaintiff
**Luis Lorenzo Vargas**

DATED: May 24, 2019   **BOON LAW**

/s/ Brett A. Boon
Brett A. Boon, Esq.
Attorney for Plaintiff
**Luis Lorenzo Vargas**

DATED: May 24, 2019   **BENNER LAW FIRM**

/s/ Craig S. Benner
Craig S. Benner, Esq.
Attorney for Plaintiff
**Luis Lorenzo Vargas**

DATED: May 24, 2019   **ALEXANDER J. SIMPSON, ESQ**.

/s/ Alexander J. Simpson
Attorney for Plaintiff
**Luis Lorenzo Vargas**