**JAN STIGLITZ (SBN 103815)**
**LAW OFFICE OF JAN STIGLITZ**
14462 Garden Trail
San Diego, CA 92127
Tel.: (619) 801-5890

**BRETT A. BOON (SBN 283225)**
brett@boonlawoffice.com
**BOON LAW**
411 Camino Del Rio S, Suite 106
San Diego, CA 92108
T: (619) 358-9949
F: (619) 365-4926

**CRAIG S. BENNER (SBN 283913)**
craig@bennerlawfirm.com
**BENNER LAW FIRM**
411 Camino Del Rio S, Suite 106
San Diego, CA 92108
T: (619) 595-6795
F: (619) 595-6796

**ALEXANDER J. SIMPSON**
**(SBN 235533)**
ajs@cwsl.edu
225 Cedar St.
San Diego, CA 92101
T: (619) 515-1525
F: (619) 615-1425

Attorneys for Plaintiff LUIS
LORENZO VARGAS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **LUIS LORENZO VARGAS**,<br><br>                                    Plaintiff,<br><br>             v.<br><br>**CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT;** ~~COUNTY OF LOS ANGELES; OFFICE OF THE LOS ANGELES DISTRICT ATTORNEY; LOS ANGELES SHERIFF'S DEPARTMENT;~~ **MONICA QUIJANO;** ~~RICHARD TAMEZ;~~ **SCOTT SMITH; AND DOES 1-10 INCLUSIVE,**<br><br>                                    Defendants. | Case No.  2:16-cv-08684-SVW-AFM<br><br>**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION TO PERMIT EXPERT TESTIMONY**<br><br>**HON. STEPHEN V. WILSON**<br>CTRM 10A<br><br>**Hearing Date:**     June 10, 2019<br>                          1:30 pm<br>**Complaint Filed:** November 12, 2016<br>**Trial Date:**          June 25, 2016 |

**TO THIS COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE THAT** Plaintiff LUIS LORENZO VARGAS, by and through his counsel, hereby submits this Reply in Further Support of Plaintiff's Court-Ordered Briefing to Permit Expert Testimony.

## I. INTRODUCTION

Defendants' Opposition is fatally flawed for a myriad of reasons, most important of which is the fact that Defendants wholly refuse to acknowledge controlling Ninth Circuit authority directly pertaining to the issue of expert admissibility in this case, let alone address it or offer counter-authority, and thus concede that such authority indeed permits expert testimony.

To be clear – 1) Defendants' Opposition refuses to address controlling, directly applicable Ninth Circuit authority in *Susan Mellen v. Marcella Winn* as it relates to Mr. Clark; 2) refuses to address the plethora of Plaintiff's proffered authority supporting the admissibility of Mr. Hermansen's opinions; and, 3) refuses to address Plaintiff's proffered argument, authority, and explanation regarding the timeliness of expert disclosures. Defendants' fatal failures are tantamount to concessions on these issues, and warrant the granting of Plaintiffs' Motion. See § III *supra*.

Instead, Defendants spend a great of deal of time misrepresenting a discussion with the Court as well as the procedural posture of this case. In a scant effort to address the substantive merits that Plaintiff's briefing sets forth, Defendants merely assert conclusory arguments based on selective quotations from Plaintiff's proffered expert reports.

In the face of Plaintiff's extensive, legally supported, and procedurally proper Motion and expert disclosures, Defendants' conclusory Opposition must be disregarded as it cannot meet the threshold requirements to exclude permissible expert testimony.

///

///

///

- 1 -

Mr. Vargas's Reply in Support of Motion

## II. RELATIVE PROCEDURAL POSTURE AND TIMELINESS OF PLAINTIFF'S DISCLOSURES

At no point in time has there been a formal, Federal Rules of Civil Procedure ("FRPC"), Rule 26 Scheduling Order in this case. On April 15, 2019, the Court set the first trial date of June 25, 2019.

As a result, Defendants' initial argument that Plaintiff should have disclosed his experts more than ninety days prior to trial cannot be dispositive of the timeliness issue because based on the trial setting just more than sixty days from the April 15th Status Conference, such a deadline was logistically impossible to meet. Plaintiff's experts diligently worked to finalize their reports for disclosure as soon thereafter as was reasonable, and advised Defendants that they would make themselves reasonably available for deposition.

Further, Defendants' Motion refuses to address the various factors that have been enumerated for consideration when deciding whether such disclosures are timely. These include, but are not limited to, whether disclosures that do not meet the aforementioned ninety-day period were "substantially justified or harmless." Rutter Guide Federal Civil Procedure at 11:451; See also *Morel v. Daimler-Chrysler Corp.*, 259 FRD 17 (D PRE 2009). Plaintiff's disclosures qualify as both.

Considerations on this issue include, but are not limited to, whether the opposing party is aware of the undisclosed information [See *Wilson v. Superclub Ibiza, LLC*, 931 F. Supp.2d 61, 63 (D DC 2013)], whether the opposing party has the opportunity to depose the experts[1] [See *Wilson Road Develop. Corp. v. Fronabarger*

---

[1] Following the disclosure of Plaintiff's experts, counsel reached out to Defendants to inquire whether Defendants would seek to take their depositions and offered to make the experts reasonably available for deposition. Defendants responded that they would not take any such depositions prior to the Court's ruling on the instant briefing, thus further undermining any prejudice caused by the timing of Plaintiff's disclosure. See Boon Decl. at ¶ 3.

Mr. Vargas's Reply in Support of Motion

*Concreters, Inc.*, 971 F.Supp.2d 896, 903-904 (ED MO 2013)], and whether any contention of nondisclosure was a result of factors outside the scope of the proffering party's control.

Each of these factors are met for purposes of Plaintiff's disclosures. As a result, there is no prejudice to Defendants. It follows that the Court's discretionary analysis on the issue should find that Plaintiff's disclosure, even if untimely, were nonetheless harmless and/or substantially justified, and therefore cannot provide a basis for exclusion. *Barrett v. Atlantic Richfield Co.*, 95 F3d 375, 380 (5th Cir. 1996).[2]

Finally, Defendants' statement that the Court advised that experts are improper in this case is a red herring because it only partially captures the Court's discussion on the issue. At the conclusion of the hearing, the Court confirmed that Plaintiff was permitted to offer briefing on the issue of expert admissibility. Thus, for Defendants to contend that any such decision or order was made with finality at that hearing is a misrepresentation of the proceeding.[3]

## III.   ARGUMENT IN RESPONSE TO DEFENDANTS' OPPOSITION

In reviewing Defendants' Opposition, it is readily apparent that Defendants either failed to diligently scrutinize Plaintiff's proffered expert reports in light of controlling authority or, in the alternative, did so and decided not to respond to Plaintiff's substantive arguments because Defendants concede that the experts are permissible. In either event, Defendants Opposition fails to establish why Plaintiff's proffered experts should be excluded from testifying in this trial.

---

[2] See § V(e) of Plaintiff's Motion for a more in-depth analysis of these issues. Consistent with much of Defendants' Opposition, Defendants do not address any of the pertinent authority or enumerated factors.

[3] See Plowden Decl., EX 1 at Pg. 18:14-22.

Mr. Vargas's Reply in Support of Motion

### a. Mr. Hermansen's Expert Opinions Are Not Offered on Ultimate Legal Issues, and Therefore are Permissible

Defendants' sole argument for excluding Mr. Hermansen appears to be that his opinions allegedly touch on aspects of supposed "ultimate issues" in this case. As explained in Plaintiff's initial Motion and again here, this argument is both legally and factually unsupported.

The ultimate issue to be decided by a jury in this case is whether the defendant police officers violated their *Brady* obligations and as a result violated Plaintiff's Constitutional right to a fair trial. Mr. Hermansen does not opine on this ultimate issue.

However, within this consideration are sub-issues of whether the defendant officers knew or should have known about the information, whether it was in fact withheld, whether it was potentially material or exculpatory to Plaintiff's criminal proceeding, and whether the officers' withholdings violated or failed to meet their professional obligations and duties; among others. These are the sub-issues that Mr. Hermansen opines on, *not* the ultimate issue of whether in fact a *Brady* violation occurred in violation of Plaintiff's Constitutional rights, which is reserved for the trier of fact.

Defendants' authority is not persuasive nor supportive of their argument in light of the facts of this case. The *Halcomb v. Wash. Metro. Area Transit Auth.*, 526 F. Supp. 2d 24, 2007 U.S. Dist. LEXIS 89674 decision does not address reasonableness as Defendants contend because there, the proffering party agreed that such opinions would not be offered and therefore no decision was made on the issue. Instead, the Court held that expert opinions should be based on some objective standard and should not opine on credibility. Such issues are not presently before the Court.

Mr. Vargas's Reply in Support of Motion

Likewise, *United States v. Binder*, 769 F.2d 595, 602 (9th Cir. 1985) provides that experts should not be permitted to testify on credibility issues, and even such was later overruled. The Court in *United States v. Arenal*, 769F.2d 263, 269 (8th Cir. 1985) concluded that expert testimony on what an opposing party subjectively understood was impermissible because that is a question for the trier of fact. Neither of Plaintiff's experts offer testimony on credibility nor the subjective understanding of the defendants, eliminating both of these lines of authority from providing a basis to exclude the expert opinions at issue.

Cited by Defendants for the general admissibility test of expert testimony, *United States v. Gwaltney*, 790 F.2d 1378, 1381 (9th Cir. 1986) in fact supports the arguments made in Plaintiff's Motion because it holds that "criticism of the application of a valid test in a particular instance bears on weight, not admissibility." *Id*.

Next, *Wisler v. City of Fresno*, 2008 U. S. Dist. LEXIS 73223, *13, 2008 WL 2880442 specifically and narrowly discusses an expert opinion in an excessive force case that defendants acted "with deliberate indifference." Here, not only is this a wrongful conviction case differing factually and legally from that of excessive force, but Plaintiff's proffered experts do not offer such an opinion, undermining any applicability of this case.

Finally, both *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998 (9th Cir. 2004) and *Provencio v. Vazquez*, 2010 U.S. Dist. LEXIS 59731 discus factually distinguishable cases and stand merely for the general proposition that an expert opinion may not explicitly instruct a jury how to rule on an ultimate issue. Because Plaintiff's proffered experts opine on issues underlying, relating to, and/or assisting

- 5 -

Mr. Vargas's Reply in Support of Motion

the trier of fact in making preliminary decision but stop short of advising the jury on the ultimate issue, this authority is equally unsupportive of exclusion.

Alternatively, and as set forth in Plaintiff's Motion, the Ninth Circuit has previously ruled that an otherwise admissible opinion is not objectionable simply because it embraces an ultimate issue to be decided by the trier of fact. FRE, R. 704(a); See *Mellen*, See also *Mukhtar v. California State Univ, Hayward*, 299 F3d 1053, 1065 (9th Cir. 2002); *Oakland Oil Co. v. Conoco Inc.*, 144 F3d 1308, 1328 (9th Cir. 2014). Defendants' Opposition fails to address this line of authority.

Further, Courts have routinely allowed expert testimony in civil rights cases concerning the "the elements of plaintiff's fair trial claims" reasoning that "it would be improper to exclude such evidence." *Martin Nnodimele v. Donal Derienzo*, 2016 WL 3561708 (E.D. NY 2016).

Relying on this, the *Nnodimele* Court permitted plaintiff's police practices expert, ruling that patrol guide or officer conduct evidence is admissible because the Court "agrees and joins a growing number of courts holding that '[i]n constitutional tort cases, expert testimony regarding sound professional standards governing a defendant's actions can be relevant and helpful. *Jimenez v. City of Chicago*, 732 F.3d 710, 721 (7th Cir. 2013). As the Seventh Circuit has explained in a recent case affirming the district court's decision to admit such testimony in a trial of *Brady* claim under § 1983, '[the expert's] testimony thus would have helped the jury conclude that the departure from reasonable police practices were so important, severe, and numerous that they supported an inference that defendant acted deliberately to violate

- 6 -

Mr. Vargas's Reply in Support of Motion

plaintiff's rights.' Citing to *Jimenez v. City of Chicago*, 732 F.3d 710, 721 (7th Cir. 2013). Relevant patrol guide evidence is therefore admissible." *Nnodimele* at *14.[4]

Finally, Defendants have asserted in no fewer than three to four briefs in this case their position that third-party culpability evidence would have allegedly been inadmissible at Plaintiff's criminal trial, and thus evidence of such now is likewise inadmissible. This argument has been addressed each time by Plaintiff and ruled by this Court to not provide any bar from such evidence in the instance case. Therefore, Defendants' argument in this argument is one that is re-raised and equally inapplicable to the instant Motion.

### b. Defendants Fail to Address Mr. Clark's Expert Report or Directly Controlling Ninth Circuit Authority and Therefore Concede that His Testimony is Permissible

Although Defendants spend a great deal of time arguing the admissibility of Mr. Hermansen's expert opinions, they spend little to no time discussing Plaintiff's second expert, Mr. Roger Clark. Mr. Clark's opinions are admissible and do not offer conclusions on ultimate issues of fact.

Importantly, the Ninth Circuit has previously ruled that to exclude Mr. Clark's opinions on *Brady* issues is reversible error, which Defendants concede by refusing to address it in their Opposition. See *Susan Mellen v. Marcella Winn*, 9th Cir. Case No. 17-55116 at Dkt. No. 43-1 (9th Cir. 2018). Plaintiff's Motion does not merely cite to *Mellen* in passing, but dedicates an entire section and more than three full pages of argument detailing its importance and analogous nature to the admissibility of Mr. Clark's opinions. Motion at § V(c).

---

[4] For the sake of convenience and to avoid duplicity, Plaintiff incorporates the analogous argument relating to *Nnodimele* in full into the following section discussing the admissibility of Mr. Clark's opinions as well.

- 7 -

Mr. Vargas's Reply in Support of Motion

Moreover, after Plaintiff submitted his Motion and prior to the deadline for Defendants' Opposition, counsel for all parties met and conferred in person. At thist meeting, Plaintiff's counsel again reiterated the importance of the *Mellen* decision and its controlling nature. In response, counsel for Defendants even went so far as to confirm that the pertinent decision was attached as an exhibit to Mr. Boon's Declaration supporting Plaintiff's Motion. See Boon Decl. at ¶ 4.

Nevertheless, Defendants Motion does not address *Mellen* nor its controlling decision at any point, thus conceding its applicability. Plaintiff's proffer that Defendants should be estopped from arguing in the alternative in the future due to a waiver of the right to do so, including oral argument on the instant Motion.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

- 8 -

Mr. Vargas's Reply in Support of Motion

## IV.   CONCLUSION

Based on the foregoing as well as the arguments set forth in Plaintiff's Motion, both Messrs. Hermansen and Clark should be permitted to offer expert testimony at trial, and to hold otherwise is potentially reversible error.[5]

DATED:  May 27, 2019                     **LAW OFFICES OF JAN STIGLITZ**

                                        /s/ Jan Stiglitz
                                        Jan Stiglitz, Esq.
                                        Attorney for Plaintiff
                                        **Luis Lorenzo Vargas**

DATED:  May 27, 2019                     **BOON LAW**

                                        /s/ Brett A. Boon
                                        Brett A. Boon, Esq.
                                        Attorney for Plaintiff
                                        **Luis Lorenzo Vargas**

DATED:  May 27, 2019                     **BENNER LAW FIRM**

                                        /s/ Craig S. Benner
                                        Craig S. Benner, Esq.
                                        Attorney for Plaintiff
                                        **Luis Lorenzo Vargas**

DATED:  May 27, 2019                     **ALEXANDER J. SIMPSON, ESQ**.

                                        /s/ Alexander J. Simpson
                                        Attorney for Plaintiff
                                        **Luis Lorenzo Vargas**

---

[5] Timeliness of this Reply: In the event Defendants contend that this Reply is late because it is filed on a holiday, such an argument is legally unsupported. According to the Rutter Guide: Federal Civil Procedure Before Trial at § 12:102.7, "where local rule measures time backwards from the hearing date, it is uncertain whether the FRCP 6(a)(3) extension until the 'next day' means the day preceding or the day following the legal holiday. (For example, where local rule requires service and filing of opposition papers 17 days before the hearing date, and that day is a Sunday, whether the 'next day' is the preceding Friday or the following Monday.) **There is no known authority on point.**"

Thus, an in abundance of caution, Plaintiff submits the instant briefing on the legal holiday, which is the date on which the briefing would be due but for the Memorial Day holiday.

- 9 -

Mr. Vargas's Reply in Support of Motion