**JAN STIGLITZ (SBN 103815)**
**LAW OFFICE OF JAN STIGLITZ**
14462 Garden Trail
San Diego, CA 92127
Tel.: (619) 525-1697
Fax: (619) 615-1497

**CRAIG S. BENNER (SBN 283913)**
craig@bennerlawfirm.com
**BENNER LAW FIRM**
411 Camino Del Rio S, Suite 106
San Diego, CA 92108
T: (619) 595-6795
F: (619) 595-6796

**BRETT A. BOON (SBN 283225)**
brett@boonlawoffice.com
**BOON LAW**
411 Camino Del Rio S, Suite 106
San Diego, CA 92108
T: (619) 358-9949
F: (619) 365-4926

**ALEXANDER J. SIMPSON (SBN 235533)**
ajs@cwsl.edu
225 Cedar St.
San Diego, CA 92101
T: (619) 515-1525
F: (619) 615-1425

Attorneys for Plaintiff LUIS LORENZO VARGAS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LUIS LORENZO VARGAS, <br><br>  Plaintiff, <br><br> v. <br><br> CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT; ~~COUNTY OF LOS ANGELES; OFFICE OF THE LOS ANGELES DISTRICT ATTORNEY; LOS ANGELES SHERIFF'S DEPARTMENT~~; MONICA QUIJANO; ~~RICHARD TAMEZ~~; SCOTT SMITH; AND DOES 1-10 INCLUSIVE, <br><br> Defendants. | **Case No. 2:16-cv-08684-SVW-AFM** <br><br> **PLAINTIFF'S STATEMENT OF GENUINE DISPUTE IN SUPPORT OF OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT** <br><br> **HON. STEPHEN V. WILSON** <br> CTRM 10A <br><br> **Hearing Date:** June 17, 2019 <br>                       3:30 pm <br> **Complaint Filed:** November 12, 2016 <br> **Trial Date:** June 25, 2016 |

**TO THE HONORABLE COURT, PLAINTIFF AND HIS COUNSEL:**

Plaintiff respectfully submits the following Proposed Statement of Genuine Issues

1

of Material Dispute in support of his Opposition to Defendants' Motion for Partial Summary Judgment:

| **Defendants' Uncontroverted Facts** | **Plaintiff's Response:** |
|---|---|
| 1. Plaintiff's lawsuit stems from an alleged wrongful conviction for the commission of one rape and two attempted rapes in 1998. | Undisputed. |
| 2. Plaintiff contends the City of Los Angeles and the Los Angeles Police Department failed to train as to disclosing information pertaining to crimes identical to previous investigations and/or convictions, such as those Vargas was convicted of. | Objection. This is not entirely complete, Plaintiff also contends that Defendants ratified actions by policymakers further undermining Plaintiff's right to a fair trial. |
| 3. And plaintiff contends the LAPD failed to train when such material constitutes *Brady* material and must be provided to the prosecution. | Undisputed. |
| 4. LAPD detectives are trained in written form on discovery in criminal cases. | Objection. See Jenks deposition. |
| 5. They are also trained on the job on discovery. | *Id.* |
| 6. The policy of the LAPD during the 1994-2000 time period was for detectives to produce all discovery to the prosecutor and let him/her decide what to turn over to the criminal defendant. | *Id.* |
| 7. In 1999, the California Penal Code mandated discovery as to certain items at the time. | *Id.* |

2

| **Defendants' Uncontroverted Facts** | **Plaintiff's Response:** |
|---|---|
| 8. In 2000, the LAPD also provided written training on *Brady* obligations, particularly as to evidence relating to witnesses' credibility. | Objection. Irrelevant. Plaintiff's arrest was in 1998 and conviction in 1999, rendering any policies in the year 200 irrelevant and not controlling. |
| 9. California Peace Officer Standards and Training ("POST") did not, as of 1994-2000, have a mandatory training component on *Brady*. | Undisputed. No such training existed. |
| 10. POST sets the minimum standards for training for all police agencies in California. | Undisputed. |

| **Plaintiff's Uncontroverted Facts** | **Supporting Evidence** |
|---|---|
| 1. Detective Jenks, the LAPD's FRCP, R. 30(b)(6) designee testified that that Defendants had no *Brady* training prior to the year 200, the year after Plaintiff was convicted. | Boon Decl. EX 1 (Jenks Depo.) at Pg. 22:19-22 |
| 2. Detective Jenks testified that, as Defendants' designs on *Brady* training, he believed *Brady v. Maryland* was a case published in 1998. | *Id*. at Pg. 22:25-23:1 |
| 3. Detective Jenks also testified that Defendants had no *Brady* training prior to the year 2000. | *Id*. |

3

## **Genuine Legal Issues in Dispute:**

1. Whether Defendants were properly trained on their *Brady* obligations at the time of Plaintiff's conviction.
2. Whether Defendants implored a pattern and practice which contributed to the violation of Plaintiff's constitutional right to a fair trial by withholding *Brady* material.
3. Whether Defendants qualify as policymakers in order to ratify the withholding of *Brady* material.

DATED: May 27, 2019       **LAW OFFICES OF JAN STIGLITZ**

/s/ Jan Stiglitz
Jan Stiglitz, Esq.
Attorney for Plaintiff
**Luis Lorenzo Vargas**

DATED: May 27, 2019       **BOON LAW**

/s/ Brett A. Boon
Brett A. Boon, Esq.
Attorney for Plaintiff
**Luis Lorenzo Vargas**

DATED: May 27, 2019       **BENNER LAW FIRM**

/s/ Craig S. Benner
Craig S. Benner, Esq.
Attorney for Plaintiff
**Luis Lorenzo Vargas**

DATED: May 27, 2019       **ALEXANDER J. SIMPSON, ESQ**.

/s/ Alexander J. Simpson
Attorney for Plaintiff
**Luis Lorenzo Vargas**